■ BARBARA DONGELEWIC, Appellant, v JOLENE MARCUS et al., Respondents. [774 NYS2d 841]—

Kane, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 4, 2003 in Rensselaer County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this personal injury action after her car was rear-ended by defendants' vehicle. Defendants moved for summary judgment, claiming that plaintiff did not suffer a serious injury under Insurance Law § 5102 (d). Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

On this type of motion, if defendants submit admissible evidence demonstrating that plaintiff did not suffer a serious injury, the burden shifts to plaintiff to submit competent medical evidence, based on objective findings and diagnostic tests, proving the existence of triable issues of fact (*see Franchini v Palmieri,* 307 AD2d 1056, 1057 [2003], *affd* 1 NY3d 536 [2003]; *Temple v Doherty,* 301 AD2d 979, 981 [2003]). Defendants submitted reports from two independent medical evaluations finding no serious injuries, records from plaintiff's original treating physician and plaintiff's deposition testimony. Plaintiff responded with records from her initial physician and two new

doctors she began seeing over two years after the accident, alleging a serious injury under the significant limitation of a body system, permanent consequential limitation of a body system and 90/180-day categories. X rays and MRIs taken soon after the accident were all negative. EMG studies were also normal. An MRI taken over a year following the accident revealed three bulging discs, but her own physician indicated that these bulging discs were within the normal range for someone of plaintiff's age. Plaintiff's range of motion in her back was almost full one month after the accident, and it was full four months postaccident. However, over two years after the accident plaintiff's new physicians described her lumbar range of motion as limited due to her pain. Her initial physician diagnosed multiple sprains related to the accident, yet there was no indication that any of these were permanent or substantial. Each of plaintiff's new doctors indicated that she had substantial pain and noted lumbosacral and gluteal spasms with trigger points. One of these doctors, while diagnosing sacroiliitis, failed to relate the diagnosis to the motor vehicle accident, understandably so considering he began treatment several years postaccident. The other doctor assessed plaintiff as experiencing posttraumatic chronic pain as a result of the accident without further explanation of the diagnosis and without relating the condition to any particular injury she suffered in the accident.

Defendants' submissions were sufficient to shift the burden to plaintiff, and plaintiff failed to sustain her burden with objective proof of serious injuries causally related to the accident (*see Dabiere v Yager*, 297 AD2d 831, 832 [2002], *lv denied* 99 NY2d 503 [2002]). She failed to substantiate a significant limitation or permanent consequential limitation of a body system, her spine, because the evidence that she produced either failed to medically support such a limitation or was not causally linked to the accident (*see Temple v Doherty, supra* at 981-982).

Plaintiff also failed to meet her burden of supporting her serious injury claim under the 90/180-day category. She was required to establish, through objective medical evidence, a nonpermanent, medically-determined injury which prevented her from performing substantially all of her usual and customary daily activities for 90 of the first 180 days following the accident (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357 [2002]; *Marks v Brown*, 3 AD3d 648, 650 [2004]). Plaintiff's deposition testimony indicated that she was unable to perform various functions of daily life following the accident, but she indicated time periods less than 90 days or was unable to recall time periods of such impairment for most

activities. She ascribed time periods only to her inability to properly climb stairs for five months and her inability to return to work up to the point of her testimony. Notably, no doctor's records from the first 180 days indicate that plaintiff was medically prevented from working, and the independent medical evaluation completed within that time frame indicated that she was able to return to work (*see Dabiere v Yager, supra* at 832-833; *compare Temple v Doherty, supra* at 982-983). The record also discloses another reason for her inability to work, which was unrelated to the accident. Consequently, notwithstanding her disputed inability to navigate stairs for five months, plaintiff failed to present evidence that she suffered from a medical impairment causally related to the accident which prevented her from performing her usual daily activities in the proscribed time period. Accordingly, Supreme Court properly dismissed the complaint.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.