■ Mark Hausman, Appellant, v C.P. Hoffman, Respondent. [780 NYS2d 826]—

Crew III, J. Appeal from an order of the Supreme Court (Williams, J.), entered July 31, 2003 in Saratoga County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

On April 27, 1998, plaintiff was involved in a motor vehicle accident at the intersection of Balltown Road and River Road in the Town of Clifton Park, Saratoga County, and he thereafter commenced this action to recover damages for neck and back injuries sustained as a result thereof. Following joinder of issue and discovery, defendant moved for summary judgment on the ground that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d). Supreme Court granted defendant's motion and plaintiff now appeals.

Plaintiff, as so limited by his brief, contends that he suffered a serious injury as the result of a permanent loss of use of his cervical and lumbar spine and that he was unable to perform substantially all of the material acts that constituted his usual and customary daily activities for 90 of the 180 days im-

mediately following the accident. With regard to plaintiff's serious injury claim based upon the permanent loss of use category, defendant demonstrated his prima facie entitlement to judgment through the affidavit of Paul Jones, a licensed physician, who examined plaintiff six months following the accident and opined that although plaintiff had suffered a cervical injury as the result of the accident, such injury was fully resolved at the time of his examination. While plaintiff, in opposition to the motion, submitted medical evidence that he sustained a vertebral sprain/strain resulting in pain that is permanent in nature, nowhere has plaintiff demonstrated that the claimed loss of use of his cervical and lumbar spine is "total," which is fatal to his claim (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]).

Turning to plaintiff's allegation of serious injury in the 90/180 day category, defendant again demonstrated his entitlement to summary judgment through Jones's affidavit, wherein Jones averred that plaintiff's own history indicated that he lost no time from work as a result of the accident. Defendant also relied upon excerpts of plaintiff's deposition testimony, wherein he was asked, "Would your injuries from the accident prevent you from doing any activities at all?", to which he responded, "Probably limit me from doing as much as what I would like to do." Plaintiff further was asked, "Can you isolate anything that you could do before the accident that you can't do or you do less since the accident?", to which he responded, "Probably but there again, [you] put me on the spot, I can't come up with anything right off the top of my head." That testimony hardly supports a claim that plaintiff was prevented from performing substantially *all* of the material acts that constituted his usual and customary daily activities. Suffice to say, plaintiff produced no evidence to contradict defendant's submissions and, accordingly, defendant's motion for summary judgment dismissing the complaint was properly granted.

Cardona, P.J., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.