■ CARRIE DAUS, Respondent, v OWEN J. CASSAVAUGH et al., Appellants. [793 NYS2d 589]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 19, 2004 in Rensselaer County, which, inter alia, partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action for injuries allegedly sustained in September 2000 when her car was struck in the rear by a car operated by defendant Erica M. Cassavaugh and owned by defendant Owen J. Cassavaugh. Plaintiff's bill of particulars failed to respond to requests regarding the specific categories of serious injury she was asserting, except that it indicated upper back pain as a basis for a permanent loss of use. In response to defendants' request for clarification, plaintiff's counsel stated in a letter that plaintiff suffered "a permanent or significant limitation of motion regarding her upper back and neck area." Following disclosure, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury. Supreme Court granted the motion as to the permanent loss of use and permanent consequential limitation categories, but held that defendants did not meet their threshold burden with respect to a significant limitation of use. Defendants appeal.

A significant limitation is frequently characterized as a limitation that is more than "minor, mild or slight" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see Jones v Davis*, 307 AD2d 494, 495 [2003], *appeal dismissed* 1 NY3d 566 [2003]; *June v Gonet*, 298 AD2d 811, 811 [2002]). In the present procedural posture, defendants had the initial burden of submitting sufficient proof to eliminate any material factual issues as to the categories of serious injury for which dismissal was sought (*see McElroy v Sivasubramaniam*, 305 AD2d 944, 945 [2003]; *Serrano v Canton*, 299 AD2d 703, 705 [2002]). In support of their motion, defendants submitted, among other things, various medical records of plaintiff as well as two affirmations from a chiropractor, Sydney Hochman, and one from a physician, George Hazel, both of whom had examined plaintiff at the request of plaintiff's no-fault carrier. At oral argument, defendants acknowledged that the chiropractor's affirmations were not in admissible form (*see* CPLR 2106; *Shinn v Catanzaro*, 1 AD3d 195, 197-198 [2003]) and that Supreme Court properly refused to consider them with respect to defendants' threshold burden. Nevertheless, we find merit to defendants' argument that the other proof they submitted was sufficient to satisfy their threshold burden on the significant limitation of use category. Hazel, in his affirmation, reported the result of tests he had plaintiff perform and he concluded that she "has a normal cervical range of motion." He related that she had suffered a cervical spine strain, which he believed had resolved. Hazel added that plaintiff had not missed any work as a result of the accident, that he did not find her subjective complaints of pain substantiated by objective findings, and he did not feel further treatment was necessary.

Further, an August 2001 medical report from plaintiff's treating physician indicated that she had "good success" with physical therapy, made a "good recovery" from the motor vehicle accident, and was able to attend college full time. This proof shifted the burden to plaintiff to come forward with evidence establishing a factual issue regarding her alleged serious injury.

In opposition to the motion, plaintiff submitted a one-page affidavit from her attorney and the same two affirmations that defendants had submitted from Hochman, the chiropractor who examined her for the no-fault carrier in April 2001 and February 2002. The attorney's affidavit has no evidentiary value (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Assuming that Hochman's affirmations could be considered in opposition to the motion since defendants ostensibly did not object to their admissibility before Supreme Court (*see Akamnonu v Rodriguez*, 12 AD3d 187, 187 [2004]; *Shinn v Catanzaro, supra* at 198), review of those affirmations fails to reveal factual issues as to a significant limitation of use. The results of plaintiff's cervical range of motion examination as reported in Hochman's February 2002 affirmation are "flexion 45/45, extension 55/55, right rotation 70/70, left rotation 70/70, right lateral flexion 40/40, left lateral flexion 30/40." He characterized her condition at that time as "much improved" and opined that she would be able to terminate chiropractic care within one month. Plaintiff failed to present evidence raising a material issue of fact regarding a significant limitation of use and, thus, defendants' motion should have been granted in its entirety.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.