■ TERRI BRANDT-MILLER et al., Appellants, v RORY E. MCARDLE, Respondent. [801 NYS2d 834]—

Cardona, P.J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered January 14, 2004 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Terri Brandt-Miller (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover damages for personal injuries that plaintiff and her two children allegedly sustained in June 1999 after their motor vehicle was struck from behind by a vehicle owned and operated by defendant.[1] It was alleged that plaintiff sustained, among other things, injuries to her cervical, thoracic and lumbar spine, her right-side extremities, and she also suffered from posttraumatic stress disorder. Plaintiffs alleged that each injury satisfied the serious injury categories of a "permanent loss of use of a body organ, member, function or system" and a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]).[2] After joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs now appeal.

It has been established "that a causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury" (*Bissonette v Compo*, 307 AD2d 673, 674 [2003]). Accordingly, we first address defendant's challenge to the claim that plaintiff's alleged psychological injury herein

1. Defendant's separate motion for summary judgment dismissing plaintiffs' claims on behalf of their minor children was granted and that motion is not at issue on this appeal.

2. We note that while plaintiffs, in their pleadings, also asserted that plaintiff was prevented from performing substantially all of her customary daily activities for 90 of the first 180 days following the accident (*see* Insurance Law § 5102 [d]), they do not challenge Supreme Court's subsequent dismissal of that claim in their brief and, therefore, we deem the issue to be abandoned (*see Durham v New York E. Travel*, 2 AD3d 1113, 1114 n [2003]).

was a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *McElroy v Sivasubramaniam*, 305 AD2d 944, 945 [2003]; *see also Bissonette v Compo, supra* at 674; *Chapman v Capoccia*, 283 AD2d 798, 799 [2001]). In support of his motion, defendant submitted the affidavit and sworn report of Irwin Rosenberg, an orthopedic consultant, as well as plaintiff's deposition testimony and her psychological treatment records. We note, however, that Rosenberg specifically declined to comment on plaintiff's psychological injury. Moreover, plaintiff's psychological records indicate that nearly two years after the accident, plaintiff exhibited "symptoms of [posttraumatic stress disorder], including recurrent thoughts and memories of the [accident], driving anxiety, hypervigilance, and nightmares." In our view, defendant failed to make a prima facie showing that plaintiff's alleged causally-related psychological injury did not amount to a serious injury. Therefore, he was not entitled to summary judgment with respect to this claim (*see Tornatore v Haggerty*, 307 AD2d 522, 523 [2003]; *see also Chapman v Capoccia, supra* at 799-800).

Turning to plaintiffs' remaining allegations of serious injuries concerning certain physical ailments, it is again necessary to consider whether defendant met his initial burden of proof. With respect to plaintiffs' claims under the significant limitation of use category, Rosenberg affirmed, after reviewing plaintiff's MRI results and conducting an examination of plaintiff, that she exhibited a "slight limitation of motion" of her cervical spine that was consistent with "a mild cervical strain." This evidence was sufficient to establish that plaintiff's alleged limitations were no more than "minor, mild or slight" (*Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see Daus v Cassavaugh*, 17 AD3d 837, 838 [2005]). This evidence further proved that plaintiff did not suffer a "total loss of use" of any body organ, member, function or system as is required to establish a serious injury under the permanent loss of use category (*Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]; *see Palmer v Moulton*, 16 AD3d 933, 935 [2005]). As a result, the burden shifted to plaintiffs to produce "competent medical evidence, based on objective findings and diagnostic tests, proving the existence of triable issues of fact" (*Dongelewic v Marcus*, 6 AD3d 943, 943 [2004]).

In opposition, plaintiffs submitted the affidavit of plaintiff's physical therapist and the affidavit and treatment notes of her treating physician, Kevin Hastings. However, the affidavit of plaintiff's physical therapist is not competent evidence since

"physical therapists cannot render a diagnosis, form a prognosis, or determine permanency or duration of physical limitations" (*Tornatore v Haggerty, supra* at 522-523; *see Delaney v Lewis*, 256 AD2d 895, 897 [1998]). Moreover, although Hastings opined that plaintiff had suffered a "typical whiplash injury" constituting a significant limitation of use of a body function or system, he did not quantify the extent of plaintiff's limitations by "designation of a numeric percentage of [her] loss of range of motion" or provide an objectively-based *"qualitative* assessment of [her] condition . . . compar[ing] [her] limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002], *supra*; *see Marks v Brown*, 3 AD3d 648, 649 [2004]; *Best v Bleau*, 300 AD2d 858, 860 [2002]). Additionally, while Hastings affirmed that plaintiff's use of her cervical spine and right-side extremities was limited by her discomfort, he did not state that the loss of use was in any way "total" (*Oberly v Bangs Ambulance, supra* at 297; *see Hausman v Hoffman*, 9 AD3d 822, 823 [2004]). Notably, he affirmed that "a significant number of [plaintiff's] physical complaints dissipated or were controlled" during treatment and that she had been released from his care as a result. Upon this evidence, we find that plaintiffs failed to rebut defendant's prima facie case that plaintiff's physical injuries did not constitute a significant limitation of use and/or a permanent loss of use and defendant was, therefore, entitled to summary judgment dismissing that portion of the complaint (*see Pommells v Perez*, 4 NY3d 566, 580 [2005]; *Daus v Cassavaugh, supra* at 839; *Hausman v Hoffman, supra* at 823).

Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment dismissing plaintiffs' complaint alleging that plaintiff Terri Brandt-Miller suffered a serious injury of a psychological nature in the categories of permanent loss of use of a body organ, member, function or system and significant limitation of use of a body function or system; motion denied to that extent; and, as so modified, affirmed.