OPINION OF THE COURT
Per Curiam.
Order, entered March 22, 2005, affirmed, with $10 costs, with leave to defendants-appellants to renew their motion for summary judgment upon proper papers.
We agree that defendants-appellants failed to establish, prima facie, that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The unsworn and unaffirmed report submitted by defendants’ examining neurologist was not in admissible form, an unexplained defect which requires its exclusion from consideration (see Grasso v Angerami, 79 NY2d 813, 814 [1991]). Also lacking in probative value was the report submitted by defendants’ examining orthopedist, a report affirmed “to be true with a reasonable degree of medical certainty.” The orthopedist’s report plainly failed to comply with CPLR 2106, which requires a physician’s statement to be “affirmed . . . to be true under the penalties of perjury” (see Offman v Singh, 27 AD3d 284 [2006]).
Since the defendants’ medical reports were not properly subscribed, Civil Court appropriately refused to consider them with respect to defendants’ threshold burden, and this even though no specific objection to the form of the reports was raised in plaintiffs opposition papers. While a party generally may not challenge the form of an adversary’s motion submission for the first time on appeal (see e.g. Shinn v Catanzaro, 1 AD3d 195, 198 [2003]), this rule should not be extended so as to preclude a motion court from rejecting, on its own initiative, a submission palpably deficient in form (see Daus v Cassavaugh, 17 AD3d 837, 838 [2005]; but cf. Scudera v Mahbubur, 299 AD2d 535 [2002]). A review of the Appellate Division record and briefs in Daus, a serious injury case, indicates that Supreme Court, in determining whether the defendants therein had met their initial burden of demonstrating entitlement to summary judgment, refused to consider a chiropractor’s affirmation submitted by defendants because it was not in admissible form, despite the plaintiffs failure to raise the issue in her opposition papers. The appellate panel unanimously upheld the motion court’s sua sponte action as proper, and, indeed, the point was conceded by defense counsel upon oral argument of that appeal. Unlike the defendants in the case now before us, the defendants in Daus *32 submitted other proof found sufficient to satisfy their threshold burden on the serious injury issue, thus requiring Supreme Court (and the Appellate Division) to evaluate the strength of the plaintiffs opposing submission, which included the same chiropractor’s affirmation. The passage from the Appellate Division decision in Daus quoted by our dissenting colleague related solely to that aspect of the case and cannot be read to diminish the appellate panel’s statement earlier in the decision that “Supreme Court properly refused to consider [the chiropractor’s affirmation] with respect to defendants’ threshold burden” (id. at 838).
Inasmuch as the (properly) excluded medical reports comprised the primary evidentiary support for defendants’ summary judgment motion in the case at bar, and in the absence of any other objective medical evidence on the serious injury issue (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]), defendants’ motion was properly denied at this juncture, irrespective of the sufficiency of plaintiff’s opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In the circumstances present, we believe defendants should be afforded an opportunity to renew their application upon proper papers, if they be so advised.