■ KARIN L. SNOW et al., Respondents, v ROBERT W. HARRINGTON et al., Appellants. [834 NYS2d 749]—

Crew III, J.P. Appeal from an order of the Supreme Court (McCarthy, J.), entered October 31, 2006 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

On January 24, 2003, plaintiff Karin L. Snow was operating her motor vehicle when she was struck from the rear by a motor vehicle operated by defendant Robert W. Harrington. As a consequence, Snow and her husband, derivatively, commenced this personal injury action to recover damages for the injuries allegedly sustained by Snow as a result of the accident. Following joinder of issue and completion of discovery, defendants moved for summary judgment dismissing the complaint on the ground that Snow had not sustained a serious injury as defined by Insurance Law § 5102 (d). Supreme Court denied the motion, prompting this appeal.

In support of the underlying motion, defendants submitted the affidavit of James Storey Jr., a board certified neurologist, who opined that Snow's alleged ankle, neck and back injuries had, at the time of his examination, fully resolved and that there existed no objective evidence of a permanent injury, nor was there any indication of a significant limitation or permanent consequential limitation of Snow's cervical and lumbar spine as a result of the motor vehicle accident. Based upon that affidavit, we are persuaded that defendants met their initial burden of demonstrating their entitlement to summary judgment regarding those specific injuries, thus shifting the burden to plaintiffs to submit competent medical evidence based upon objective medical findings establishing a question of fact as to the existence of a serious injury (see Burnett v Zito, 252 AD2d 879, 881 [1998]). With respect to the alleged ankle, cervical and lumbar spine injuries, plaintiffs clearly failed to do so and, thus, defendants were entitled to summary judgment in that regard.

In addition to the foregoing ankle, neck and back injuries, plaintiffs alleged that the motor vehicle accident triggered Snow's previously dormant multiple sclerosis and its related symptoms, including leg weakness, numbness in the hands and decreased energy. Specifically, as set forth in plaintiffs' bill of particulars, plaintiffs contend that the symptoms that Snow now experiences are permanent in nature and preclude her from performing routine household chores and other customary activities.

On this point, Storey reviewed Snow's February 2003 and July 2004 MRI studies and acknowledged that Snow's multiple sclerosis had worsened during that time period, which he considered not unusual given the progressive nature of the disease. As to the alleged correlation between the accident and Snow's symptoms, Storey opined, to a reasonable degree of medical certainty, that Snow's multiple sclerosis was not caused by the underlying motor vehicle accident, nor did such accident

cause Snow to become symptomatic. Having concluded that the symptoms Snow now complains of were in no way related to the motor vehicle accident in the first instance, Storey did not offer any opinion as to whether such symptoms were permanent and/or constituted a serious injury within the meaning of any of the enumerated subdivisions of Insurance Law § 5102 (d). Given that absence of proof, we conclude that defendants failed to demonstrate their entitlement to summary judgment as to this portion of Snow's alleged injuries.

Moreover, even assuming Storey's affidavit was sufficient to shift the burden to plaintiffs in this regard, the affidavit offered by plaintiffs in opposition was more than sufficient to raise a question of fact on this point. Lawrence Corbett, also a board certified neurologist, opined, to a reasonable degree of medical certainty, that the January 2003 accident caused a relapse of Snow's multiple sclerosis. Although acknowledging that a motor vehicle accident cannot cause multiple sclerosis, Corbett made clear that the stress of such an event can "activate" multiple sclerosis and its related symptoms, which is precisely what plaintiffs allege occurred here. Corbett further stated that the associated symptoms that Snow now experiences are permanent. Hence, Corbett's affidavit is sufficient to raise a genuine issue of fact as to whether the trauma that Snow experienced can cause multiple sclerosis to become symptomatic. As such, defendant's motion for summary judgment on this point was properly denied.*

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment as to plaintiff Karin L. Snow's ankle, neck and back injuries; motion granted and complaint dismissed to that extent; and, as so modified, affirmed.

---

* We note in passing that although the record suggests that plaintiffs are seeking to recover under the 90/180-day portion of Insurance Law § 5102 (d), they have not clearly articulated the precise manner in which they believe Snow sustained a serious injury.