■ Irene M. Motrie, Appellant, v Sara J. Reid, Respondent, et al., Defendant. [845 NYS2d 841]—

Mugglin, J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 27, 2006 in Ulster County, which granted defendant Sara J. Reid's motion for summary judgment dismissing the complaint against her.

Defendant Sara J. Reid (hereinafter defendant), while backing up her car in a store parking lot, collided with plaintiff's vehicle. Plaintiff asserts that she sustained a serious injury to her right wrist in these categories: permanent consequential limitation of use; significant limitation of use; and prevention from performing her usual and customary activities for 90 out of the first 180 days immediately following the accident* (see Insurance Law § 5102 [d]). Notably, plaintiff injured this wrist on at least three prior occasions. Supreme Court concluded that plaintiff sustained no serious injury and granted summary judgment to defendant dismissing the complaint against her. Plaintiff appeals, arguing that defendant did not demonstrate entitlement to summary judgment or, alternatively, that questions of fact exist as to both the permanent consequential limitation of use and significant limitation of use categories.

To establish entitlement to summary judgment, defendant must submit competent medical evidence that plaintiff did not sustain a serious injury (see CPLR 3212 [b]; Snow v Harrington, 40 AD3d 1237, 1238, [2007]; Madden v Dake, 30 AD3d 932, 935 [2006]; Haddadnia v Saville, 29 AD3d 1211, 1211 [2006]; Burnett v Zito, 252 AD2d 879, 881 [1998]). Once this occurs, plaintiff is obligated to submit objective medical evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 351 [2002]; Snow v Harrington, 40 AD3d at 1238; Hayes v Johnston, 17 AD3d 853, 854 [2005]; Marks v Brown, 3 AD3d 648, 648-649 [2004]). In support of the motion, defendant submitted the pleadings, plaintiff's examination before trial testimony, plaintiff's employment records (which established that plaintiff missed only six weeks of work following the accident) and multiple medical records and affidavits. These records reveal that plaintiff's family physician had her wrist X-rayed and that the X rays revealed no fracture. Plaintiff was then examined by an orthopedic surgeon who found no significant swelling or deformity, normal motor and sensory functions and full radiocarpal

---

* At oral argument, plaintiff's counsel conceded that a claim under the 90/180-day category is no longer asserted.

motion; a follow-up examination by this orthopedic surgeon revealed no swelling, good range of motion and improvement from prior symptoms of tenosynovitis, and an MRI ordered by this surgeon revealed no intrinsic lesions. A second opinion sought by plaintiff resulted in X rays being taken to compare plaintiff's right wrist with X rays previously taken in 1995 with a finding of "[m]ild degenerative changes of [the] first carpal metacarpal joint." Finally, a third orthopedic surgeon examined plaintiff and diagnosed "a very mild tenosynovitis of the right wrist [which] is truly minor and does not present with any kind of disability [and t]here is certainly no reason why this amount of tenosynovitis would keep [plaintiff] out of work."

In our view, this evidence is more than sufficient to sustain defendant's initial burden, and it then became incumbent upon plaintiff to submit objective medical evidence to raise an issue of fact with respect to whether she sustained a serious injury within the meaning of the statute. In an attempt to meet this burden, plaintiff submitted a second affidavit from her family physician. He, in reliance on a report from a physician at the Hand Center of Western New York, who examined plaintiff and conducted an MRI study, concluded that plaintiff sustained a scapholunate ligament disruption. Careful analysis of these two reports leads us to conclude that plaintiff has failed to submit competent evidence that raises an issue of fact that this ligament tear was caused by this motor vehicle accident or that the injury is serious within the meaning of Insurance Law § 5102 (d) as there appears to be no permanent consequential or significant limitation of use.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.