■ CHARLOTTE PALMERI et al., Appellants, v MICHAEL ZURN et al., Respondents. [— NYS2d —]—

Carpinello, J. Appeal from an order of the Supreme Court (McNamara, J.), entered September 27, 2007 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action seeking damages for physical and psychological injuries to plaintiff Charlotte Palmeri (hereinafter plaintiff) as a result of a December 28, 2002 motor vehicle accident. At issue is an order of Supreme Court granting defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Upon our review of the record, we find that the motion was properly granted. We therefore affirm.

The categories of serious injury alleged before Supreme Court were limited to significant limitation of use of a body function or system and a medically determined nonpermanent injury which prevented her from performing substantially all of her customary daily activities for at least 90 of the first 180 days immediately following the accident.* She specifically alleges that she suffers from "legamintos [*sic*] and muscular strain" of her lower back, right shoulder and neck, as well as post-traumatic stress disorder. According to plaintiff, despite physical therapy, chiropractic treatments, pain management treatments and medication, she has been unable to get relief from all pain,

---

* To the extent that plaintiffs argue on appeal that the record supports the permanent consequential limitation category of serious injury, their failure to assert this claim before Supreme Court precludes our consideration of it (*see Mrozinski v St. John*, 304 AD2d 950, 951 [2003]).

particularly in her back. She further alleges that she has been restricted in her vocation as a musician, in the performance of certain daily chores and in her enjoyment of certain recreational activities. She further alleges problems with sleep and depression.

As to plaintiff's alleged physical injuries, defendants, in support of summary judgment, submitted the sworn report of an orthopedic surgeon who performed an independent physical examination of her, as well as reviewed certain pleadings and medical records. This physician's examination of plaintiff detected no objective abnormal findings. For example, his report reveals normal findings upon cervical and lumbosacral spine examinations (with no tenderness or evidence of spasms in either region or sacroiliac pain with palpation), no swelling, redness or tenderness to either shoulder and normal range of motion tests. He specifically notes that there was no evidence of a ligament or muscle strain in plaintiff's lower back or on the right side of her shoulder, neck, pelvis or buttocks.

To the extent that plaintiff made "multiple complaints" of pain in "multiple body areas" during the examination, this physician found such complaints were inconsistent with his "non physiologic findings." Indeed, he found "no objective causal relationship" between her physical complaints and the accident, finding instead that her complaints were subjective. He specifically opined that no objective medical evidence existed to support the claim of significant limitation of any body function or system or a medically determined injury of a nonpermanent nature which prevented her from performing substantially all of her usual daily activities for not less than 90 days during the 180 days immediately following the accident. With respect to plaintiff's alleged psychological injuries, defendants submitted an affidavit of a licensed clinical psychologist who performed an independent psychological examination of her and also reviewed her medical records. This psychologist opined that plaintiff suffers only from a "mild pain disorder" and does not suffer from either posttraumatic stress disorder or major depression (*compare Brandt-Miller v McArdle*, 21 AD3d 1152, 1154 [2005]). In our view, defendants' submissions were sufficient to make a prima facie showing that plaintiff did not sustain a serious injury (*see e.g. Alteri v Benson*, 50 AD3d 1274 [2008]; *compare Brandt-Miller v McArdle, supra*).

Plaintiffs, in turn, failed in their shifted burden of raising a triable issue of fact by coming forward with competent medical evidence based upon objective medical findings and tests (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]). To establish

the significant limitation category of serious injury, "the medical evidence must provide either a quantitative or qualitative assessment to differentiate serious injuries from mild or moderate ones" (*Scott v Aponte*, 49 AD3d 1131, 1134 [2008] [internal quotation marks and citation omitted]). Here, plaintiffs' proof fell short of demonstrating that any injury—physical or psychological—constituted a significant limitation. In particular, no physician quantified any alleged physical and/or psychological loss or limitation or provided a qualitative comparison of plaintiff's condition to normal function (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351; *see e.g. Pianka v Pereira*, 24 AD3d 1084, 1085-1086 [2005]; *Brandt-Miller v McArdle*, 21 AD3d at 1155; *Clements v Lasher*, 15 AD3d 712, 713 [2005]; *Burford v Fabrizio*, 8 AD3d 784, 785 [2004]; *Kristel v Mitchell*, 270 AD2d 598, 599 [2000]). Likewise, with respect to the 90/180-day category, we are satisfied that plaintiffs failed "to establish, through objective medical evidence, a nonpermanent, medically-determined injury which prevented [plaintiff] from performing substantially all of her usual and customary daily activities for 90 of the first 180 days following the accident" (*Dongelewic v Marcus*, 6 AD3d 943, 944 [2004]; *see Clements v Lasher*, 15 AD3d at 713-714; *Burford v Fabrizio*, 8 AD3d at 786). This being the case, summary judgment in defendants' favor was in all respects appropriate.

Cardona, P.J., Mercure, Peters and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.