■ MARY JANE NOWAK et al., Appellants-Respondents, v KAITLIN BREEN et al., Respondents, and LAWRENCE RAFFALOVICH et al., Respondents-Appellants. [866 NYS2d 423]—

Kavanagh, J. Cross appeals from an order of the Supreme Court (Doyle, J.), entered March 26, 2007 in Albany County, which granted the motion of defendants Lawrence Raffalovich and Gloria Purinton for summary judgment dismissing the complaint against them.

In October 2003, plaintiff Mary Jane Nowak (hereinafter plaintiff) was involved in a three-car accident on Wolf Road in the Town of Colonie, Albany County. Defendant Kaitlin Breen, while driving a vehicle owned by her father, defendant Michael Breen, struck a vehicle driven by defendant Lawrence Raffalovich in the rear. Raffalovich struck plaintiff's vehicle in the rear. Raffalovich and his wife, defendant Gloria Purinton (hereinafter collectively referred to as defendants), moved for summary judgment dismissing the complaint against them claiming that there were no questions of fact on the issue of defendants' liability for the accident, and that plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d). Supreme Court found that while questions of fact exist regarding who was legally responsible for the cause of the accident, plaintiff had failed to rebut defendants' prima facie showing that she did not sustain a serious injury, and dismissed the complaint. Plaintiffs appeal and defendants cross appeal from Supreme Court's order.

In support of a motion for summary judgment, a defendant must submit competent medical evidence that the plaintiff did not sustain a serious injury (*see* CPLR 3212 [b]; *Motrie v Reid*, 45 AD3d 941, 942 [2007]; *Felton v Kelly*, 44 AD3d 1217, 1218 [2007]; *Snow v Harrington*, 40 AD3d 1237, 1238 [2007]). Upon such a showing, the burden then shifts to the plaintiff to submit objective medical evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Alteri v Benson*, 50 AD3d 1274, 1275-1276 [2008]; *Snow v Harrington*, 40 AD3d at 1238).

Here, plaintiffs claimed that the injuries plaintiff sustained in the accident fell within the 90/180-day category of serious injury.

Plaintiffs were obligated to submit competent, objective evidence of " 'a medically determined injury or impairment of a non-permanent nature which prevent[ed] [plaintiff] from performing substantially all of the material acts which constitute [her] usual and customary daily activities' for at least 90 out of the 180 days immediately following the accident" (*Hildenbrand v Chin*, 52 AD3d 1164, 1166 [2008], quoting Insurance Law § 5102 [d]; *see Marks v Brown*, 3 AD3d 648, 650 [2004]). In this regard, plaintiff states that after the accident, she could not return to the restaurant where she worked as a waitress until February 2004, and that, when she returned, she was restricted to work as a hostess. She also claims to have been unable to perform household chores for almost a year following the date of the accident.

Based upon his review of plaintiff's medical records, defendants' expert physician, Richard Byrne, found that plaintiff's complaints of neck and back pain made after the accident were nearly identical to complaints she made prior to the accident. Plaintiff, by her own admission, was involved in at least four prior automobile accidents—the most recent occurring nine months prior to this accident—and has a documented medical history of persistent complaints of neck and back pain that go back to July 2002. In fact, she was treated by her physician for such complaints on the day prior to this accident and was advised at that time not only to stop working as a waitress, but also to avoid lifting objects because both activities served to aggravate her existing injuries and increase her pain.

Supreme Court properly determined that defendants had made a prima facie showing that plaintiff had not sustained a serious injury (*see Hildenbrand v Chin*, 52 AD3d at 1165; *Pugh v DeSantis*, 37 AD3d 1026, 1027 [2007]) and that, in response, plaintiffs failed to submit competent, objective medical evidence to establish that a question of fact existed on this issue (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Coston v McGray*, 49 AD3d 934, 935 [2008]). While plaintiff's treating physician, Shankar Das, stated that the subject accident aggravated "the pre-existing problem which [plaintiff] had in the form of cervical and lumbar strain," he never explained how the accident served to aggravate these injuries or identified a specific injury, if any, that was caused by this accident. While spasms were noted during a medical exam of plaintiff after the accident, no evidence was offered by plaintiff that connected these spasms to the subject accident or to the cervical and lumbar strain as noted by Das. In fact, Das failed to identify any objective medical evidence that established the existence of an injury after the

subject accident. While plaintiff did not work for about one week after the accident, all subsequent restrictions on her activities were based solely upon subjective complaints of pain. In short, plaintiffs have failed to submit any objective medical evidence sufficient to raise a triable issue of fact regarding the existence of a serious injury causally related to this accident, and complaint was thus properly dismissed (*see Buster v Parker*, 1 AD3d 659, 661 [2003]).

As a result of our finding, we need not address the cross appeal regarding Supreme Court's denial of defendants' motion regarding liability.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.