■ Maxwell Shackett, Respondent, v George A. Nappi et al., Appellants. [904 NYS2d 545]—

Spain, J. Appeal from an order of the Supreme Court (Devine, J.), entered September 9, 2009 in Albany County, which, among other things, partially denied defendants' cross motion for summary judgment.

Plaintiff commenced this action alleging that he sustained serious injuries as defined in Insurance Law § 5102 (d) as a result of a July 24, 2001 motor vehicle accident. Plaintiff moved for summary judgment and defendants cross-moved for sum-

mary judgment dismissing the complaint. Supreme Court partially granted plaintiff's motion for summary judgment, holding that plaintiff established, as a matter of law, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), and partially granted defendants' cross motion for summary judgment holding that the permanent loss of use claim should be dismissed. The court denied defendants' cross motion for summary judgment with respect to plaintiff's permanent consequential limitation of use and significant limitation of use claims, leaving them intact. Only defendants appeal.

First, we are persuaded by defendants' argument—which plaintiff does not now directly dispute—that plaintiff's permanent consequential limitation of use and significant limitation of use claims should also have been dismissed. Defendants correctly point out that the opinion of neurologist Robert Van Uitert, on which plaintiff relies, is deficient as a matter of law to establish these types of serious injury because his opinion was based on an examination that had occurred over 3½ years prior to its writing (*see Buster v Parker,* 1 AD3d 659, 660-661 [2003]; *Weller v Munson,* 309 AD2d 1098, 1099 [2003], *lv dismissed and denied* 2 NY3d 782 [2004]). Indeed, although Van Uitert's affirmation arguably supports a cervical injury resulting in loss of range of motion related to the July 2001 accident, he does not state with specificity plaintiff's range of motion at the time of the writing of the affirmation. Further, Van Uitert's most recent medical records indicate that plaintiff had recovered full range of motion in his neck, thereby precluding a finding of permanent consequential limitation of use and/or significant limitation of use (*see Wolff v Schweitzer,* 56 AD3d 859, 861-862 [2008]; *Pugh v DeSantis,* 37 AD3d 1026, 1029 [2007]).

Turning to the 90/180-day category, we conclude that plaintiff was not entitled to summary judgment and, indeed, that summary judgment should have been awarded to defendants. A serious injury under the 90/180-day category, is " 'establish[ed] through objective medical evidence, [where] a nonpermanent, medically-determined injury . . . prevented [(the) plaintiff] from performing substantially all of [his or] her usual and customary daily activities for 90 of the first 180 days following the accident' " (*Palmeri v Zurn,* 55 AD3d 1017, 1019 [2008], quoting *Dongelewic v Marcus,* 6 AD3d 943, 944 [2004]). " '[E]ven where there is objective medical proof, when additional contributory factors interrupt the chain of causation between the accident and claimed injury—such as . . . a preexisting condition—summary dismissal of the complaint may be appropriate' " (*Coston*

*v McGray*, 49 AD3d 934, 934 [2008], quoting *Pommells v Perez*, 4 NY3d 566, 572 [2005]; *cf. Wolff v Schweitzer*, 56 AD3d at 861).

In support of the alleged 90/180-day injury, plaintiff relies on his medical records from Van Uitert and neurologist John Bouillon, as well as his deposition transcript. Although the medical records provide evidence of cervical injury causally related to the 2001 accident and demonstrate that Bouillon significantly restricted plaintiff's activities during the pertinent period following the accident and found him to be totally disabled from work, plaintiff's proof fails to distinguish limitations caused by the 2001 accident from previous limitations. Plaintiff had been injured in a prior automobile accident in 2000. Significantly, Bouillon placed the *exact* same restrictions on plaintiff's activities following the 2000 accident as he did following the 2001 accident, without any indication that plaintiff's condition had significantly improved between the two. Likewise, the record reflects that plaintiff was completely disabled from working prior to the 2001 accident. Plaintiff's deposition transcript fails to remedy this defect as he does not differentiate the limitations he experienced following the 2001 accident from those he experienced following the 2000 accident. We hold, therefore, that defendants established, as a matter of law, that plaintiff did not demonstrate on this record the existence of a 90/180-day injury attributable to the 2001 accident (*see Howard v Espinosa*, 70 AD3d 1091, 1093-1094 [2010]; *Dean v Brown*, 67 AD3d 1097, 1098-1099 [2009]; *Falkner v Hand*, 61 AD3d 1153, 1154-1155 [2009]).

Cardona, P.J., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiff's motion for summary judgment on the 90/180-day cause of action and as denied defendants' cross motion for summary judgment dismissing the 90/180-day, permanent consequential limitation of use and significant limitation of use causes of action; plaintiff's motion denied in its entirety, defendants' cross motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.