■ SHARON SOLIS, Respondent, v KRISTIN SILVAGNI, Appellant. [918 NYS2d 260]—

Spain, J.

Plaintiff commenced this action alleging injury to her right knee resulting from a vehicle/pedestrian collision in which the motor vehicle was operated by defendant. Specifically, on November 12, 2007, defendant was backing up her car when she hit plaintiff, causing plaintiff to lock her knees to avoid falling down. Defendant moved for summary judgment dismissing the complaint. Supreme Court partially granted the motion, dismissing plaintiff's serious injury claims of significant disfigurement and permanent loss of use, but denied the motion with regard to her claims of a permanent consequential limitation, significant limitation and the 90/180-day category of Insurance Law § 5102. Defendant appeals, seeking summary judgment on those remaining claims.

Turning first to plaintiff's claim on the 90/180-day category of Insurance Law § 5102 (d), we agree with defendant that summary judgment should have been granted. A serious injury under this category is "establish[ed] through objective medical evidence, [where] a nonpermanent, medically-determined injury prevented [(the) plaintiff] from performing substantially all of [his or] her usual and customary daily activities for 90 of the first 180 days following the accident" (*Shackett v Nappi*, 75 AD3d 709, 710 [2010] [internal quotation marks and citations omitted]; *see Palmeri v Zurn*, 55 AD3d 1017, 1019 [2008]). "The curtailment of plaintiff's daily activities must be to a 'great

extent rather than some slight curtailment' " (*Baker v Thorpe*, 43 AD3d 535, 537 [2007], quoting *Licari v Elliott*, 57 NY2d 230, 236 [1982]).

In her deposition testimony, plaintiff admitted that after the accident, she continued to work full time as a veterinary assistant. Although she claims that she suffered limitations at work, in her housework and in recreational activities, the alleged limitations are not distinguishable from limitations which she admitted began after her involvement in a prior accident (*see Shackett v Nappi*, 75 AD3d at 711).* Indeed, plaintiff's 90/180-day claim in this action essentially is premised on limitations she experienced following surgery to her right knee; however, this surgery was not performed until March 2008, 136 days after the accident. Accordingly, as plaintiff has offered proof showing only that she was prevented from performing substantially all of her usual daily activities for 44 of the first 180 days following the accident, her 90/180-day claim should have been dismissed (*see Shackett v Nappi*, 75 AD3d at 711; *Clements v Lasher*, 15 AD3d 712, 713-714 [2005]; *Dongelewic v Marcus*, 6 AD3d 943, 944 [2004]).

Likewise, we conclude that defendant was entitled to summary judgment on the permanent consequential and significant limitation of use serious injury categories (*see* Insurance Law § 5102 [d]). "[I]n order to establish a permanent consequential limitation or a significant limitation of use, the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*John v Engel*, 2 AD3d 1027, 1029 [2003]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]; *Tandoi v Clarke*, 75 AD3d 896, 897 [2010]; *Vargas v Tomorrow Travel & Tour, Inc.*, 74 AD3d 1626, 1627-1628 [2010]; *Dean v Brown*, 67 AD3d 1097, 1098 [2009]). We agree with defendant that plaintiff failed to proffer any quantitative evidence or qualitative assessment that could support a finding of a permanent or significant limitation of use. Specifically, plaintiff relies upon the report and medical records of physician Kenneth Rauschenbach, who performed an arthroscopy on plaintiff's right knee following the accident. Prior to that procedure, Rauschenbach reported plaintiff's subjective complaints of pain, and his records reveal that he

---

* Plaintiff was involved in motor vehicle accidents in October 2006 and October 2007. She commenced separate actions alleging Insurance Law § 5102 serious injuries stemming from each of these accidents as well.

originally suspected a medial meniscus tear. However, an MRI and observations during arthroscopic surgery instead revealed significant degeneration, chondral defect, a small lateral meniscus tear but no large tears.

Defendant also proffered the report of physician Howard Luks, who examined plaintiff in October 2008 and reviewed Rauschenbach's records. Luks noted Rauschenbach's findings and the MRI report and concluded that plaintiff had degenerative changes which preexisted the accident. Specifically, he reported "no effusion [and] two-well healed arthroscopy portals . . . There is no pain with patellar compression [and] no pain over the lateral or medial patellaer facets," and only mild medial joint line pain and mild pain over the medial condyle. Supreme Court noted this evidence but found that because Luks had not discussed the significance of the small lateral meniscus tear shown in the MRI or the cartilage defect reported by Rauschenbach, defendant had not met her burden of demonstrating that plaintiff had failed to proffer sufficient proof of a serious injury under the permanent and significant limitations of use categories.

We disagree. Defendant did not need to rely on Luks's opinion to meet her burden of proof because the evidence of injury in the MRI and Rauschenbach's records, albeit objective, is not enough to meet the requirements of these specific statutory categories of serious injury (*see Shvartsman v Vildman*, 47 AD3d 700, 701 [2008] [tear in tendon, alone, not sufficient evidence of serious injury]). Plaintiff submitted no proof of a specific limitation on her range of motion; indeed, plaintiff's range of motion is reported as full by both Rauschenbach and Luks. Further, although plaintiff's subjective complaints of pain are noted, Rauschenbach provided no description or qualitative assessment of plaintiff's limitations before or after the surgery. Accordingly, summary judgment should have been granted on the permanent loss of use and significant limitation of use categories as well (*see Licari v Elliott*, 57 NY2d at 239-240; *Vargas v Tomorrow Travel & Tour, Inc.*, 74 AD3d at 1627-1628; *Palmeri v Zurn*, 55 AD3d at 1019; *Motrie v Reid*, 45 AD3d 941, 943 [2007]; *Daus v Cassavaugh*, 17 AD3d 837, 838-839 [2005]; *John v Engel*, 2 AD3d at 1029).

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as partially denied defendant's motion; motion granted in its entirety, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.