Thomas P. Halley, Appellant,
against
Heather Servedio, Respondent.




Law Office of Terry D. Horner (Terry D. Horner, Esq.), for appellant.
David A. Sears, Esq., for respondent.

Appeal from an order of the City Court of Poughkeepsie, Dutchess County (Frank Mora, J.; op 50 Misc 3d 1223[A], 2016 NY Slip Op 50240[U] [2016]), entered February 26, 2016. The order denied plaintiff's motion, in effect, to vacate the dismissal of the action, done pursuant to Uniform Rules for City Courts (22 NYCRR) § 210.14 (a) (2) and to restore the action to the calendar.




ORDERED that the order is affirmed, without costs.
In this action to recover for defendant's alleged wrongful disposal of plaintiff's personal property, defendant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (1), based upon documentary evidence. By order entered April 24, 2012, the City Court granted defendant's motion. On a prior appeal, this court reversed the City Court's order and denied defendant's motion, as the documentary evidence did not conclusively establish a defense to the action (Halley v Servedio, 44 Misc 3d 132[A], 2014 NY Slip Op 51140[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). After the case was restored to the City Court's calendar, the parties attended a preliminary conference, at which a discovery schedule was set by so-ordered stipulation. At a February 23, 2015 compliance conference, a new schedule was set, and depositions were held on March 18, 2015. The parties were to return for a conference on May [*2]13, 2015 but, when only defendant appeared, the court dismissed the action, pursuant to Uniform Rules for City Courts (22 NYCRR) § 210.14 (a) (2).
Approximately six months later, plaintiff moved, in effect, to vacate the dismissal of the action and to restore the action to the calendar. In an affirmation in support of the motion, plaintiff stated that he had not intended to abandon the case, citing medical issues which had lasted from April 2015 until late September 2015, at which time he had sufficiently recovered to make a prior motion in this case. He asserted that he had learned that the action had been dismissed only when he received a letter from the City Court dated October 28, 2015, informing him of the dismissal. He further stated that the Appellate Term's reversal of the City Court's April 24, 2012 order demonstrated that his causes of action had merit. By order entered February 26, 2016, the City Court denied plaintiff's motion.
As the City Court noted, plaintiff, an attorney, improperly submitted affirmations rather than affidavits in support of his motion (see CPLR 2106; Pisacreta v Joseph A. Minnitti, P.C., 265 AD2d 540 [1999]). An objection as to form, however, is waived if it is not raised in the motion court (see Scudera v Mahbubur, 299 AD2d 535 [2002]; Sam v Town of Rotterdam, 248 AD2d 850 [1998]; but cf. O'Connor v Singh, 16 Misc 3d 30 [App Term, 1st Dept 2007]).
In order to be relieved of his default, it was incumbent upon plaintiff to demonstrate both a reasonable excuse for his default and a meritorious cause of action (see CPLR 5015 [a] [1]; Semenov v Semenov, 98 AD3d 962 [2012]). While an attorney's prolonged illness may constitute a reasonable excuse for a default, here, plaintiff did not submit any documentation to demonstrate that he was unable to effectively function as an attorney or a litigant due to his illness (see Smith v Fritz, 148 AD2d 438 [1989]; Norowitz v Ponconco, Inc., 96 AD2d 581 [1983]). Moreover, plaintiff failed to establish that his default was due to "law office failure" (see CPLR 2005; Nieves v 331 E. 109th St. Corp., 112 AD2d 59, 61 [1985]). Consequently, plaintiff did not sufficiently demonstrate a reasonable excuse for his failure to appear at the scheduled conference.
In view of the foregoing, it is unnecessary to determine whether plaintiff demonstrated a meritorious cause of action. 
Accordingly, the order is affirmed.
Iannacci, J.P., Tolbert and Brands, JJ., concur.
Decision Date: May 23, 2017