■ MELANIE DEAN, Appellant, v DANIELLE L. BROWN, Respondent. [891 NYS2d 165]—

Lahtinen, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered August 12, 2008 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was a rear seat passenger in a car owned and operated by defendant that left the road and rolled over in an August 2003 accident. She was treated in the emergency room on the day of the accident and, thereafter, sought treatment from vari-

ous healthcare providers with her problems primarily focusing on low back pain. She subsequently commenced this action and, following disclosure, defendant moved for summary judgment asserting that plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion. Plaintiff appeals.

Plaintiff has not argued on appeal that defendant did not satisfy her initial burden and, thus, the issue before us is whether plaintiff submitted sufficient evidence to raise a triable issue of fact (see Weller v Munson, 309 AD2d 1098, 1098-1099 [2003], lv dismissed in part and denied in part 2 NY3d 782 [2004]). Further, plaintiff has limited her serious injury argument on appeal to the categories of permanent consequential limitation and significant limitation of use.

"[I]n order to establish a permanent consequential limitation or a significant limitation of use, the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system" (John v Engel, 2 AD3d 1027, 1029 [2003]; see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]; Hildenbrand v Chin, 52 AD3d 1164, 1165 [2008]). The medical evidence must be sufficient "to differentiate serious injuries from mild or moderate ones" (Clements v Lasher, 15 AD3d 712, 713 [2005]). Proof of a herniated disc arising from an automobile accident together with an expert's designation of a significant reduction in range of motion related to the disc injury can be sufficient to raise a factual issue as to serious injury (see Pommells v Perez, 4 NY3d 566, 577 [2005]; Dooley v Davey, 21 AD3d 1242, 1244 [2005]; Martin v Fitzpatrick, 19 AD3d 954, 956 [2005]; Durham v New York E. Travel, 2 AD3d 1113, 1114-1115 [2003]). However, even in the presence of proof of a herniated disc and reduced range of motion, summary judgment may be appropriate "when additional contributory factors interrupt the chain of causation between the accident and claimed injury— such as a gap in treatment, an intervening medical problem or a preexisting condition" (Pommells v Perez, 4 NY3d at 572).

Here, an MRI taken within days of the accident revealed a herniated disc at L5-S1 and plaintiff's chiropractor, James Romano, stated in his affidavit that the disc injury was related to the accident. Romano had treated plaintiff from October 2003 to October 2004 and then examined her again in March 2008. Romano conducted a series of range of motion tests at the March 2008 examination and stated that, as to plaintiff's lumbar

spine, her "range of motion flexion is 0-60-70° causing moderate pain along the lower lumbar musculature (normal flexion is 0-90°)."

Romano's range of motion findings, however, are based solely on his March 2008 test. Plaintiff acknowledged injuring her back in 2006 while helping a friend move and that injury was, in part, the reason she was hospitalized in 2006. Romano does not set forth her limitations prior to the 2006 accident, despite having treated plaintiff for a year starting shortly after the subject car accident, and before the unrelated 2006 back injury.* This is particularly problematic since several medical reports from another health care provider noted in 2004 that plaintiff's "[l]umbosacral flexion is within normal limits."

Further fatal to plaintiff's claim is that Romano opined that her condition resulted in a "mild to moderate" disability. The potential restrictions on her activities set forth by Romano are not nearly as acute as those that we found sufficient to raise a factual issue in *Secore v Allen* (27 AD3d 825, 827-828 [2006]). His affidavit and report do not contain the characterization of a severe injury as was set forth in *Pommells v Perez* (4 NY3d at 576). The record fails to provide sufficient evidence to raise a factual issue as to whether plaintiff sustained a serious injury and, as such, defendant's motion was properly granted.

Mercure, J.P., McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Although Romano attached to his affidavit his office notes from his earlier treatment of plaintiff, those notes are largely illegible.