■ CHRISTINA SFERRA, Appellant, v RICHARD McGREGOR, Respondent. [897 NYS2d 257]—

Kavanagh, J.

In June 2006, plaintiff was operating a motor vehicle at a low rate of speed in a shopping center parking lot when she was hit on the rear passenger side door by defendant's vehicle, which, at the time, was traveling at an estimated speed of five miles per hour. Plaintiff was taken to the emergency room of a local

---

hospital complaining of neck pain, was treated and released and then reported to work where she worked her regular shift. The following week, she was treated for headaches, as well as pain to her shoulder, upper back and neck, and was advised to see a chiropractor and begin physical therapy. One month later, plaintiff, for the first time, complained of pain to her lower back. She continued to treat with her primary care physician and to receive chiropractic care, and eventually saw a neurologist in regard to her condition. Plaintiff subsequently commenced this action and, following discovery, defendant moved for summary judgment dismissing the complaint alleging that plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d). Supreme Court granted defendant's motion, prompting this appeal.

Plaintiff claims that, as a result of this accident, she sustained injury to both the cervical and lumbar regions of her spine. Specifically, she claims to have suffered from "cervical and lumbar strains, annular disruption of the L4/5 intervertebral disc, with degenerative disc disease and non-compressive right paracentral-lateral and central disc herniations at both L4/5 and L5/S1, and C4/5 intervertebral disc bulge." These injuries, she claims, have resulted in a permanent, significant, and consequential loss of use and function of both her cervical and lumbar spine. In support of his motion for summary judgment, defendant submitted two affidavits from Bryan Bilfield, an orthopedic surgeon, who, after reviewing plaintiff's medical records and examining her, concluded that no objective evidence existed establishing that plaintiff suffered an injury caused by this motor vehicle accident. Bilfield concluded that plaintiff's complaints of pain in regard to her cervical spine were due to a preexisting condition that she had since 2001 and continued to plague her on the date of the accident. In this regard, he referred to the results of a radiograph exam taken immediately after the accident that showed "arthritic changes with no acute abnormality" in plaintiff's cervical spine, as well as an MRI taken two months later that revealed the existence of a "mild C4-5 disc bulge with no evidence of disc herniation, spinal canal stenosis or foraminal narrowing." Bilfield also noted that plaintiff's limited range of motion was consistent with her preexisting condition and that, while the accident may have temporarily increased the pain she had been experiencing as a result of this exacerbation, that increased pain was not permanent.

As for plaintiff's complaints of pain in her lower back, she points to an MRI performed in February 2007, or eight months after the accident, as proof that the accident caused her serious

injury. Specifically, plaintiff notes that this exam "showed a small posterior disc protrusion at L5-S1 with minimal impingement on the ventral surface of the thecal sac" as well as "a posterior annular tear at L4-5." In response, Bilfield stated that since plaintiff was wearing a seat belt at the time of the accident, there would not have been a significant flexion of the lower spine that would establish a relation between the findings of the MRI and the automobile accident. He also noted that plaintiff did not complain of pain in her lower back until weeks after the accident and that the annular tear noted in the MRI at L4/5 could have been "caused by normal stresses over[ ]time on [the] lumbar spine with the aging process." In short, Bilfield stated that the objective findings noted in the MRI examination of plaintiff's lumbar spine were not, in his opinion, related to the accident.

Bilfield's findings satisfied defendant's burden of establishing that plaintiff did not suffer a serious injury as a result of this accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Wolff v Schweitzer*, 56 AD3d 859, 860-861 [2008]; *Palmeri v Zurn*, 55 AD3d 1017, 1018 [2008]), and required plaintiff to provide competent medical evidence that "address[ed] defendant['s] claimed lack of causation' " (*Falkner v Hand*, 61 AD3d 1153, 1154 [2009], quoting *Pommells v Perez*, 4 NY3d 566, 580 [2005]). In that regard, plaintiff offered the opinion of her treating chiropractor to the effect that plaintiff suffered a serious injury and, in making that finding, relied on the results of the February 2007 MRI to conclude that plaintiff's loss of range of motion in the cervical spine area and the herniation noted at L4/S1 were caused by the accident.* However, in offering this opinion, plaintiff's chiropractor did not account for plaintiff's extensive history of neck pain and medical treatment during the five-year period immediately preceding the accident or the fact that this condition had not resolved as of the date of the accident (*see Coston v McGray*, 49 AD3d 934, 935 [2008]). Moreover, while a disc herniation resulting in a quantifiable loss of one's range of motion can amount to a serious injury (*see Dean v Brown*, 67 AD3d 1097, 1098 [2009]; *Lee v Laird*, 66 AD3d 1302, 1304 [2009]), plaintiff's expert failed to explain why, if this condition was caused by the impact, plaintiff did not experi-

---

* We note that while plaintiff's bill of particulars alleged that she was prevented from performing all of her customary daily activities for 90 of the first 180 days following the accident (*see* Insurance Law § 5102 [d]), she made no claim for loss of earnings and did not pursue this claim in her brief. As a result, we deem the issue to be abandoned (*see Brandt-Miller v McArdle*, 21 AD3d 1152, 1153 n 2 [2005]; *Durham v New York E. Travel*, 2 AD3d 1113, 1114 n [2003]).

ence any lower back pain in the weeks immediately after the accident. In addition, plaintiff's chiropractor did not take issue with Bilfield's observation that, since plaintiff was wearing a seat belt at the time of the accident, there would have been no significant flexion in her lumbar spine that would have caused a disc herniation and that the annular tear noted in the MRI could have been caused by factors not related to the accident. Simply stated, plaintiff's chiropractor did not, in offering his opinion, provide a meaningful response to the arguments made by defendant's expert regarding the cause of plaintiff's pain and, as such, his affidavit did not serve to create questions of fact regarding causation.

Plaintiff also argues that Bilfield's affidavit should be rejected because he did not have all of plaintiff's medical records when he rendered his opinion regarding the source of her injuries. Even if Bilfield did not have all of plaintiff's medical records when he gave his initial affidavit, he did provide a second affidavit to the effect that he had since reviewed the remaining medical records and reaffirmed his opinion that plaintiff did not suffer a serious injury as a result of this accident. Given plaintiff's failure to present competent evidence that creates a factual issue as to the seriousness of the injuries that she is alleged to have sustained in this accident, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Mercure, J.P., Peters, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.