■ YOJAIRA VARGAS, Appellant, v TOMORROW TRAVEL & TOUR, INC., Doing Business as DRAGON COACH, Respondent. [904 NYS2d 248]—

Kavanagh, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 20, 2009 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

In December 2004, plaintiff, after being involved in an accident while a passenger on a bus owned by defendant, was treated and released from a hospital after she complained of, among other things, pain in her neck and back. Almost three years later, plaintiff commenced this action. Defendant subsequently moved for summary judgment dismissing her complaint, arguing that plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) and her complaints of pain were actually caused by injuries that she sustained in a car accident that had occurred 18 months earlier in May 2003. Supreme Court granted defendant's motion, prompting this appeal.

In support of its motion, defendant submitted reports prepared by an orthopedic surgeon, a neurosurgeon and a neuropsychologist, all of whom examined plaintiff and her medical records and concluded that they could not find a connection between her complaints of pain and the injuries that she claims to have sustained in this accident (*see Howard v Espinosa*, 70 AD3d 1091, 1092-1093 [2010]; *Tracy v Tracy*, 69 AD3d 1218, 1219 [2010]; *Sferra v McGregor*, 69 AD3d 1200, 1202 [2010]). Each physician concluded that no objective evidence was detected that documented the existence of injuries caused by

this accident as opposed to those noted in physical examinations performed upon plaintiff after the May 2003 motor vehicle accident. In addition, each expert concluded, as did some of plaintiff's treating physicians, that the findings noted during the examinations were in many ways incompatible with her subjective complaints of pain and that these complaints were in large measure attributable to a state of depression that plaintiff acknowledged experiencing prior to this accident.

This evidence served to shift the burden to plaintiff and required her, in opposing defendant's motion, to present " 'competent medical evidence based upon objective medical findings and tests to support [her] claim of serious injury and to connect the condition to the accident' " (*Wolff v Schweitzer*, 56 AD3d 859, 861 [2008], quoting *Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]; *see Nowak v Breen*, 55 AD3d 1186, 1187 [2008]). In that regard, plaintiff claims that the injuries she sustained in this accident have caused (1) a permanent consequential limitation in her ability to use a bodily organ or member, (2) a significant limitation in her use of a bodily function or system and (3) an impairment of a nonpermanent nature that prevented her from performing substantially all of the material acts constituting her usual and customary daily activities for at least 90 of the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]).

As for her claim under the 90/180-day category, it has been established that plaintiff was disabled after her accident in May 2003 and, by her own admission, remained unable to perform many of her daily activities up until the time that this accident occurred. Moreover, the evidence she submits in support of this claim primarily involve subjective complaints of pain and self-imposed restrictions on her daily activities that must be supported by medical evidence to establish the existence of a serious injury (*see Hildenbrand v Chin*, 52 AD3d 1164, 1166 [2008]; *Tuna v Babendererde*, 32 AD3d 574, 577 [2006]; *Buster v Parker*, 1 AD3d 659, 661 [2003]). Here, no such evidence has been presented, and plaintiff's cause of action under this category was properly dismissed.

As for plaintiff's claim that she sustained a permanent consequential limitation of the use of a bodily organ or member, or a significant limitation of the use of a bodily function or system, objective evidence must exist that establishes that, as a result of this accident, she experienced a diminished range of motion as shown by " 'a qualitative assessment comparing [her] present limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*Dean v*

*Brown*, 67 AD3d 1097, 1098 [2009], quoting *John v Engel*, 2 AD3d 1027, 1029 [2003]). In addition, such evidence must include " 'a quantitative or qualitative assessment to differentiate serious injuries from mild or moderate ones' " (*Palmeri v Zurn*, 55 AD3d 1017, 1019 [2008], quoting *Scott v Aponte*, 49 AD3d 1131, 1134 [2008]; *accord Clements v Lasher*, 15 AD3d 712, 713 [2005]). Here, plaintiff submitted her own affidavit, the affidavits of her treating neuropsychologist Maria Deinzer Lifrak and chiropractor Kevin Cuttler, medical records regarding treatments she has received, and reports of two independent medical examinations performed by Kenneth Shapiro, a board certified physiatrist, and chiropractor Domenick Rizzuto.

We begin our evaluation of plaintiff's evidence by noting that her complaints of pain made in connection with this accident are almost identical to those that she made in a bill of particulars filed in connection with a lawsuit she commenced in regard to the May 2003 accident. Moreover, neither Lifrak nor Cuttler quantified, with objective medical evidence, any comparative change or diminution in plaintiff's ability to function from her condition as it existed prior to and after this accident. Parenthetically, both Lifrak and Cuttler submitted affidavits in the prior litigation attesting to the fact that plaintiff sustained injuries in the May 2003 accident that are strikingly similar to the injuries they now seek to attribute to this accident. As for the reports prepared by Shapiro and Rizzuto, neither reviewed any of plaintiff's medical records concerning treatment she had received prior to this accident and, more importantly, during the period immediately after the May 2003 accident. Therefore, in our view, plaintiff has failed to establish the existence of a genuine issue of fact as to whether she sustained a serious injury as a result of this accident and Supreme Court properly granted defendant's motion for summary judgment.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.