■ DONNA B. CLARK, Appellant, v KIMBERLY A. BASCO, Respondent. [921 NYS2d 345]—

Peters, J.P. Appeal from an order of the Supreme Court (McDonough, J.), entered March 26, 2009 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

In October 2004, while plaintiff was attempting to merge onto a bridge in the City of Albany, her vehicle was struck from behind by a vehicle being driven by defendant. Thereafter, plaintiff commenced this action, pro se, alleging that she suf-

fered a serious injury within the meaning of Insurance Law § 5202 (d), relying upon the statutory categories of permanent consequential limitation, significant limitation, and inability to perform substantially all of her customary activities for at least 90 out of the 180 days immediately following the accident. In her bill of particulars, plaintiff claimed that she suffered from, among other things, hip and lumbar injuries, a traumatic brain injury, major depressive order, posttraumatic stress disorder, postconcussive disorder and loss of vision. Following discovery, defendant successfully moved for summary judgment dismissing the complaint. Plaintiff now appeals, and we affirm.

As the proponent of the summary judgment motion, defendant had the threshold burden of establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident (*see Howard v Espinosa*, 70 AD3d 1091, 1091-1092 [2010]; *Lee v Laird*, 66 AD3d 1302, 1303 [2009]). The evidence submitted by defendant established that, following the accident, plaintiff drove herself to a hospital emergency room with complaints of pain in her neck, back and buttocks. X rays performed on her thoracic and cervical spine revealed some mild degenerative changes, but no fractures. Plaintiff was diagnosed with a neck and thoracic strain, advised to follow up with her physician and discharged. Approximately one week later, plaintiff visited her primary care physician, Adele Strominger, who diagnosed her with whiplash and a low back muscle strain/sprain caused by the accident and referred her to physical therapy. When plaintiff returned to Strominger the following month complaining of weakness in her legs, Strominger noted that plaintiff's previous pain had essentially resolved itself and authorized plaintiff to return to work.

Between December 2004 and October 2006, plaintiff presented to Strominger with a multitude of problems. Strominger repeated her previous diagnosis and noted that, while plaintiff had complained of "multiple somatic symptoms" since the accident, subsequent X rays failed to identify any significant abnormalities. Strominger's reports also indicated that plaintiff suffered from schizoaffective disorder, which had been diagnosed before the accident. David Hart, a neurologist who evaluated plaintiff based on her complaints of shooting pain down her legs and up along her back, found that plaintiff had "a muscular ligamentous strain injury" from the accident with no focal neurological findings and no signs of permanent injury. A later MRI taken of plaintiff's brain and lumbar spine in response to her visual complaints, constant head pain and chronic low back pain was normal with no pathology and an MRI taken of her lumbar spine was essentially negative.

Defendant also proffered a report from orthopedic surgeon Thomas Eagan, who conducted an independent medical examination of plaintiff in October 2008. Eagan found that, while plaintiff likely sustained some soft tissue injuries from the accident, no structural changes existed that would cause chronic pain. He opined that the symptoms she complained of were attributable to her preexisting degenerative disc disease and exaggerated by her underlying mental health issues, particularly her schizoaffective disorder, and that her "bizarre symptomatology . . . was consistent with her chronic psychological condition." Eagan ultimately concluded that there was no causal relationship between plaintiff's current complaints and the reported injury.

Defendant further submitted the expert affidavit and report of Julie Lynch, a clinical neuropsychologist. Based upon her review of the records of Jeanne Kostas, a psychologist who diagnosed plaintiff with posttraumatic stress disorder, cognitive disorder and depressive disorder, Lynch found that Kostas had not conducted any neuropsychological testing needed to support such conclusions and had also failed to review plaintiff's preaccident medical or psychological records before making her diagnoses and causally relating them to the accident. As such, Lynch opined that Kostas' diagnoses were not based upon any objective testing or findings, but rather plaintiff's subjective report of her symptoms, and that Kostas' conclusion concerning causality lacked an adequate foundation (*compare Brandt-Miller v McArdle*, 21 AD3d 1152, 1154 [2005]).

This evidence was sufficient to shift the burden to plaintiff to present " 'competent medical evidence based upon objective medical findings and tests to support [her] claim of serious injury and to connect the condition to the accident' " (*Wolff v Schweitzer*, 56 AD3d 859, 861 [2008], quoting *Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]; *accord Vargas v Tomorrow Travel & Tour, Inc.*, 74 AD3d 1626, 1627 [2010]; *see Nowak v Breen*, 55 AD3d 1186, 1187 [2008]). To establish a claim under the permanent consequential limitation or significant limitation of use categories, " 'the medical evidence submitted by plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*Dean v Brown*, 67 AD3d 1097, 1098 [2009], quoting *John v Engel*, 2 AD3d 1027, 1029 [2003]; *see Hildenbrand v Chin*, 52 AD3d 1164, 1165 [2008]).

In opposition, plaintiff did not submit an affidavit from any

medical expert, instead relying on her medical records, reports from her treatment providers and her own affidavit.* Notably, none of the records—other than those from plaintiff's treatment with Deborah Ciprioni, a physical therapist—contains qualitative or quantitative assessments of any physical limitation, nor do the diagnostic test results show evidence of abnormality. Ciprioni's report from October 2004 indicates that plaintiff suffers from muscle spasms in the cervical and lumbrosacral regions, and sets forth quantitative limitations in plaintiff's range of motion. However, Ciprioni neither identifies any objective or diagnostic tests utilized to support her findings nor causally relates the spasms to the accident (see Parks v Miclette, 41 AD3d 1107, 1110 [2007]; Tuna v Babendererde, 32 AD3d 574, 577 [2006]; Burford v Fabrizio, 8 AD3d 784, 785 [2004]). Likewise, the medical report of Robert Fox, an optometrist who diagnosed plaintiff with convergence insufficiency and visual field defect, fails to causally relate these findings to the accident.

With respect to plaintiff's alleged psychological injuries, including posttraumatic stress disorder and major depressive disorder, her psychological treatment records contain no objective findings supporting those diagnoses and fail to set forth any adequate assessment of how the alleged injuries were causally related to the accident (see Palmeri v Zurn, 55 AD3d 1017, 1019 [2008]; Bissonette v Compo, 307 AD2d 673, 674 [2003]; Kristel v Mitchell, 270 AD2d 598, 599 [2000]; compare Krivit v Pitula, 79 AD3d 1432, 1434-1435 [2010]). Moreover, given Kostas' admitted failure to review plaintiff's preaccident records and defendant's proof that plaintiff's depression was a preexisting condition, Kostas' opinion that plaintiff's psychological condition is causally related to the accident is speculative (see Franchini v Palmieri, 307 AD2d 1056, 1058 [2003], affd 1 NY3d 536 [2003]). Accordingly, plaintiff's proof fell short of demonstrating that she sustained any injury—physical or psychological—constituting a permanent or significant limitation as a result of the accident.

Finally, with respect to plaintiff's claim under the 90/180-day category of serious injury, the medical proof failed to set forth objective evidence linking the alleged curtailment of her activi-

* Despite plaintiff's suggestion to the contrary, a pro se litigant " 'acquires no greater right than any other litigant' " and, therefore, her decision to proceed pro se had no effect on her burden to present legally competent evidence to oppose defendant's summary judgment motion (Duffen v State of New York, 245 AD2d 653, 654 [1997], lv denied 91 NY2d 810 [1998], quoting Roundtree v Singh, 143 AD2d 995, 996 [1988]).

ties following the accident to an injury sustained in the accident (*see Howard v Espinosa*, 70 AD3d at 1094; *Palmer v Moulton*, 16 AD3d 933, 935 [2005]; *Creech v Walker*, 11 AD3d 856, 856 [2004]; *Blanchard v Wilcox*, 283 AD2d at 824). As plaintiff failed to establish the existence of a genuine issue of fact as to whether she sustained a serious injury as a result of this accident, the complaint was properly dismissed.

Spain, Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.