■ LENA M. BOWEN et al., Respondents, v SARATOGA SPRINGS CITY SCHOOL DISTRICT et al., Appellants. [931 NYS2d 186]—

Malone Jr., J.

Plaintiff Lena A. Bowen (hereinafter plaintiff) and her husband, derivatively, commenced this action seeking to recover damages for injuries she allegedly suffered as a result of a motor vehicle accident in which her vehicle collided with a school bus owned by defendant Saratoga Springs City School District and driven by defendant Donald W. Allen. Defendants thereafter moved for summary judgment, arguing that plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). Although Supreme Court partially granted the motion, dismissing certain of plaintiffs' claims, the court denied the motion with respect to plaintiffs' 90/180-day category of serious injury. Defendants appeal.

Defendants' burden on their motion for summary judgment dismissing plaintiffs' complaint was to establish, through competent medical evidence, that plaintiff did not sustain a serious injury as a result of the motor vehicle accident (see Insurance Law § 5102 [d]; § 5104 [a]; *Motrie v Reid*, 45 AD3d 941, 942 [2007]). The medical evidence submitted by defendants, including the affidavit of an orthopaedic surgeon, established that, immediately following the accident in June 2006, plaintiff underwent an MRI, which revealed a mild disc desiccation at L5-S1, a possible annular tear at L4-5, but no extrusion, central or lateral stenosis, and degenerative disc disease at C5-6. Plaintiff, who has a lengthy history of severe back and neck pain and fibromyalgia, treated with many physicians after the accident, including a neurosurgeon, who ultimately concluded that all of the objective medical testing performed subsequent to the accident was negative and that plaintiff had "hysterical conversion disorder" and "excessive somatization." The orthopaedic surgeon noted that another physician who reviewed plaintiff's medical records in August 2007 concluded that plaintiff's subjective complaints of pain were disproportionate to, and could not be explained by, the MRI findings. Thus, based on the information in plaintiff's history, the orthopaedic surgeon opined that plaintiff's subjective complaints of pain subsequent to the accident were not supported by objective medical evidence and were the result of preexisting and/or degenerative conditions.

This evidence was sufficient to shift the burden to plaintiffs to submit objective proof of "a medically determined injury or impairment of a non-permanent nature" that prevented her "from performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than" 90 of the 180 days immediately following the accident (Insurance Law § 5102 [d]; *see Clark v Basco*, 83 AD3d 1136,

1139-1140 [2011]). To that end, plaintiffs submitted the affidavit of plaintiff's treating chiropractor, who described his treatment of plaintiff after the accident and stated that, for more than six months after the accident, plaintiff experienced decreased range of motion in her neck and back and was unable to return to work or perform household activities. However, his qualitative assessment is not supported by his findings based upon any contemporaneous quantitative testing.* Although the record contains the results of objective range of motion testing performed by another physician one month after the accident, that physician did not compare the results of his examination to plaintiff's pre-accident levels or opine that the injuries that caused the reduced ranges of motion were of the type that prevented plaintiff from performing her customary duties and activities. Moreover, that physician did not definitively link plaintiff's alleged injuries to the accident, instead concluding that plaintiff's symptoms were related to either an acute cervical sprain as a result of the accident or a reemergence of her fibromyalgia. Finally, although the chiropractor did instruct plaintiff to limit her activities after the accident, and plaintiff testified to such limitations at her deposition, the limitations were imposed by the chiropractor based upon plaintiff's subjective complaints of pain as opposed to objective medical evidence. Thus, this evidence is insufficient to establish the existence of a serious injury (*see Vargas v Tomorrow Travel & Tour, Inc.*, 74 AD3d 1626, 1627-1628 [2010]). Based on the foregoing, because plaintiffs did not establish the existence of a material issue of fact, defendants were entitled to summary judgment dismissing plaintiffs' claim under the 90/180-day category of serious injury.

Mercure, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety, summary judgment awarded to defendants dismissing the 90/180-day category of serious injury and complaint dismissed; and, as so modified, affirmed.

---

* Although the chiropractor describes quantitative results of range of motion testing, the results are "too remote to raise an issue of fact as to whether the limitations were caused by the accident" because he did not perform those tests until more than two years after the accident (*Lopez v Simpson*, 39 AD3d 420, 421 [2007]).