■ CANDY K. WILES, Appellant, v WILLIAM L. GRAY, Respondent. [935 NYS2d 218]—

Rose, J.

Plaintiff commenced this action claiming that, as the result of a March 2008 motor vehicle accident, she sustained a serious injury within the meaning of Insurance Law § 5102 (d). After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint alleging, among other things, that plaintiff had a preexisting injury to her spine and, as a result, she was unable to establish that she sustained a causally-related serious injury in any category. Supreme Court granted the motion and plaintiff appeals.

Plaintiff's contention that defendant's submissions were insufficient to sustain his burden of establishing entitlement to dismissal of the complaint with respect to the 90/180-day category of serious injury is unavailing. In support of the motion, defendant submitted plaintiff's examination before trial testimony, medical records and an affirmed report of Jeffrey Gundel, an orthopedic surgeon who reviewed the pertinent medical records and conducted an independent medical examination of plaintiff. Plaintiff's deposition testimony and preaccident medical records revealed a history of neck and back pain caused by incidents occurring in 1994 and 1998, two incidents in 2004 and two incidents in 2005. Plaintiff was also diagnosed with degenerative disc disease of the cervical spine in 2004.

Based on Gundel's review of the records and examination of plaintiff, he opined that the accident of March 2008 caused a temporary exacerbation of her pain, but that she did not sustain a medically determined injury. These submissions shifted the burden to plaintiff to come forward with proof of causation in opposition to the motion (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]; *Howard v Espinosa*, 70 AD3d 1091, 1093 [2010]; *Tracy v Tracy*, 69 AD3d 1218, 1219 [2010]).

Plaintiff relied on an affirmed report prepared by Charles Reina, an orthopedic surgeon who had examined plaintiff for workers' compensation purposes. Reina did not address plaintiff's long-standing preexisting condition, however, and plaintiff otherwise offered no affidavit from a treating physician or other evidence raising a triable question of fact as to causal relationship (*see Foley v Cunzio*, 74 AD3d 1603, 1605 [2010]; *Anderson v Capital Dist. Transp. Auth.*, 74 AD3d 1616, 1617 [2010], *lv denied* 15 NY3d 709 [2010]; *Sferra v McGregor*, 69 AD3d 1200, 1202 [2010]). As plaintiff failed to rebut defendant's prima facie showing that she neither sustained a medically determined injury nor suffered a causally related serious injury in any other category, the motion for summary judgment dismissing the complaint was properly granted (*see Pommells v Perez*, 4 NY3d at 579; *Clark v Basco*, 83 AD3d 1136, 1139-1140 [2011]; *Howard v Espinosa*, 70 AD3d at 1094).

Mercure, A.P.J., Peters, Spain and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.