Mercure, J.E
Appeal from an order of the Supreme Court (Work, J.), entered April 22, 2011 in Ulster County, which granted defendant’s motion for summary judgment dismissing the complaint.
The parties were involved in an automobile accident, following which plaintiff commenced this action to recover for injuries she purportedly sustained therein. After joinder of issue, defendant moved for summary judgment on the ground that plaintiff had not sustained a serious injury as defined by Insurance Law § 5102 (d). Supreme Court agreed and granted defendant’s motion, prompting this appeal.
We now affirm. Flaintiff contends that defendant failed to show in the first instance, as required, that she did not suffer a serious injury as a result of the accident. In that regard, defendant relied upon a sworn report from orthopedic surgeon Robert Hendler, who reviewed plaintiffs medical records and found no objective evidence of pathology stemming from the accident. Indeed, plaintiff had significant neck and back pain due to injuries predating the accident, was found to have only nonspecific and mild pain after it, and was quickly cleared to return to work. Hendler’s own examination of plaintiff was “completely normal,” and he opined that plaintiff suffered no *1402 more than a neck or lower back sprain, or temporary aggravation of a prior condition that had fully resolved. Defendant thus met her initial burden as to all claimed categories of serious injury, thereby shifting the burden to plaintiff to raise a material question of fact (see Flisch v Walters, 42 AD3d 682, 683-684 [2007]; Snow v Harrington, 40 AD3d 1237, 1238 [2007]; Tuna v Babendererde, 32 AD3d 574, 575-576 [2006]).
We reject plaintiffs assertion that she demonstrated the existence of questions of fact with respect to the permanent consequential limitation and significant limitation of use categories of serious injury. Plaintiff relies upon the affidavits of physicians Ravi Ramaswami and David Gamberg as constituting the requisite “objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [her] present limitations to the normal function, purpose and use of the affected body organ, member, function or system” (John v Engel, 2 AD3d 1027, 1029 [2003]; accord Clark v Basco, 83 AD3d 1136, 1138 [2011]; see Perl v Meher, 18 NY3d 208, 217 [2011]). Ramaswami, plaintiffs family physician, noted that MRIs of her spine revealed disc bulges and possible herniations, and opined that those conditions arose out of the automobile accident and left plaintiff permanently and significantly disabled. He did not, however, provide any explanation or objective medical basis for his belief that plaintiffs limitations were unrelated to her several prior complaints for which she had received extensive treatment (see Anderson v Capital Dist. Transp. Auth., 74 AD3d 1616, 1617 [2010], lv denied 15 NY3d 709 [2010]; Wolff v Schweitzer, 56 AD3d 859, 862 [2008]; cf. Perl v Meher, 18 NY3d at 219). Gamberg, a spine pain management specialist, found that plaintiff sustained injuries in the accident and also quantified how they significantly limited her range of motion. His affidavit is nonetheless inadequate, however, in that he wholly failed to address plaintiffs prior back condition and injuries; nor did he sufficiently describe the objective tests used to determine her limitations (see Franchini v Palmieri, 1 NY3d 536, 537 [2003]; Houston v Hofmann, 75 AD3d 1046, 1048-1049 [2010]; Sferra v McGregor, 69 AD3d 1200, 1202 [2010]). Accordingly, inasmuch as this evidence did not raise a material question of fact on the issue of whether plaintiff sustained a serious injury, Supreme Court properly granted defendant’s motion.
Spain, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.