■ AMBER M. (HOWSER) DEHAAS et al., Appellants, v TIMOTHY R. KATHAN et al., Respondents. [952 NYS2d 844]—

Kavanagh, J. Appeal (transferred to the Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (O'Shea, J.), entered July 20, 2011 in Chemung

County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff Amber M. DeHaas claims that on January 30, 2004 she was seriously injured when a van owned by defendant Time Warner and operated by defendant Timothy R. Kathan backed into her vehicle while it was stopped on a public street in the Town of Southport, Chemung County. DeHaas and her husband, derivatively, commenced this action in June 2006 and subsequently moved for partial summary judgment on the issue of liability. In response, defendants cross-moved for summary judgment dismissing the complaint on the ground that DeHaas did not sustain a serious injury in this accident (*see* Insurance Law § 5102 [d]). Supreme Court denied plaintiffs' motion and granted defendants' cross motion, finding that plaintiffs did not raise a material question of fact as to whether DeHaas sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d). Supreme Court also found that plaintiffs, in their pleadings, had not alleged that DeHaas was seriously injured under any other category of the Insurance Law and dismissed the complaint. Plaintiffs appeal and we now affirm.

Plaintiffs argue that there are questions of fact as to whether DeHaas sustained a serious injury under the fracture, 90/180-day, permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d). "On a motion for summary judgment dismissing a complaint that alleges a serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that plaintiff did not sustain a serious injury caused by the accident" (*Howard v Espinosa*, 70 AD3d 1091, 1091-1092 [2010] [internal quotation marks and citation omitted]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Womack v Wilhelm*, 96 AD3d 1308, 1309 [2012]). In order to establish an injury under the permanent consequential limitation and significant limitation of use categories, " 'the medical evidence submitted by [a] plaintiff must contain objective, quantitative evidence with respect to diminished range of motion or a qualitative assessment comparing [the] plaintiff's present limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*Solis v Silvagni*, 82 AD3d 1349, 1350 [2011], *lv denied* 17 NY3d 715 [2011], quoting *John v Engel*, 2 AD3d 1027, 1029 [2003]), and a plaintiff must demonstrate that the limitation of use that he or she sustained was more than mild, minor or slight (*see Womack v Wilhelm*, 96 AD3d at 1310; *Licygiewicz v Stearns*, 61 AD3d 1254, 1254-1255 [2009]). "A serious injury under the 90/180-

day category[ ] is established through objective medical evidence, where a nonpermanent, medically-determined injury . . . prevented the plaintiff from performing substantially all of his or her usual and customary daily activities for 90 of the first 180 days following the accident" (*Shackett v Nappi*, 75 AD3d 709, 710 [2010] [internal quotation marks, citations and brackets omitted]; *see Hildenbrand v Chin*, 52 AD3d 1164, 1165 [2008]).

In support of their cross motion for summary judgment, defendants submitted an affidavit from physician David Hootnick who performed an examination of DeHaas and reviewed her medical records, including diagnostic and laboratory reports, and notes prepared by her treating physician. In concluding that DeHaas was not seriously injured in this accident, Hootnick referred to the diagnosis rendered by the emergency room physician who treated her on the day after the accident that DeHaas had sustained a "contusion to the right shoulder and lumbar strain" and cited her recent medical history, which documented treatment for back pain that she received five years prior to the accident. Hootnick also noted that an X ray performed in the emergency room was normal and simply showed "[a] slight lucency . . . in the anterosuperior corner of the L5 vertebral body . . . [that] could represent a normal variant of limbus vertebra, although a small avulsion of L5 cannot be fully excluded." In addition, Hootnick referred to other diagnostic tests performed on DeHaas, including three MRIs and a bone scan, all of which were normal, and cited reports prepared in connection with the physical therapy regimen undertaken by DeHaas in October 2005, which indicated that she enjoyed a full range of motion and normal rotation. Based upon the foregoing, Hootnick concluded that there was no objective medical evidence that DeHaas sustained a serious injury in this accident.

Hootnick's opinion—and the documents submitted in support of it—shifted the burden to plaintiffs to present objective medical evidence that raised a triable question of fact as to whether DeHaas, as a result of this accident, sustained a serious injury (*see Womack v Wilhelm*, 96 AD3d at 1310; *Crawford-Reese v Woodard*, 95 AD3d 1418, 1418 [2012]; *Clark v Basco*, 83 AD3d 1136, 1138 [2011]). In that regard, DeHaas submitted an affidavit from her treating physician, Mark Gibson, who, in concluding that she was seriously injured in this accident, referred to the emergency room X ray and argued that it established that DeHaas had sustained a possible avulsion fracture in the accident. However, as previously noted, radiological studies

subsequently performed on DeHaas failed to confirm the presence of a fracture or any other pathology attributable to the accident, and Gibson's treatment notes not only confirm that all subsequent radiological studies performed on DeHaas were normal, but make no reference to a fracture. As for Gibson's reference to spasms noted on DeHaas through palpitations, he does not report performing any tests to induce these spasms or that he actually detected or observed them (see Toure v Avis Rent A Car Sys., 98 NY2d at 357; Peterson v Cellery, 93 AD3d 911, 913 [2012]; Houston v Hofmann, 75 AD3d 1046, 1048 [2010]). Further, while Gibson points to DeHaas's physical therapy records as evidence that her range of motion has been adversely impacted as a result of injuries she sustained in this accident, these documents fail to identify the objective or diagnostic tests used to support such a finding (see Clark v Basco, 83 AD3d at 1138).

It must also be noted that while DeHaas remained out of work until May 2004, her treatment records reflect that the decision not to return to work was based entirely on subjective complaints of pain that she made to Gibson, and not as a result of any objective findings he made while treating her (see Bowen v Saratoga Springs City School Dist., 88 AD3d 1144, 1146 [2011]). Based on the foregoing, plaintiffs have not raised a question of fact as to whether DeHaas sustained a serious injury under any of the alleged categories (see Cirillo v Swan, 95 AD3d 1401, 1402 [2012]). As a result of this conclusion, we need not address plaintiffs' motion for partial summary judgment on liability, and their remaining arguments have been found to be without merit.

Peters, P.J., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.