■ John J. Cross et al., Respondents, v Robbie W. Labombard, Appellant. [9 NYS3d 413]—

McCarthy, J.P. Appeal from an order of the Supreme Court (Ellis, J.), entered September 12, 2013 in Franklin County, which, among other things, partially denied defendant's cross motion for summary judgment.

In December 2009, plaintiff John J. Cross was the driver of a vehicle, with plaintiff Helene M. Cross as a passenger, when the vehicle was struck from the rear by another vehicle that had itself been struck from behind by a truck being operated by defendant. Plaintiffs commenced this personal injury action and moved for partial summary judgment on the issue of liability. Defendant cross-moved for summary judgment dismissing the complaint on the ground that neither plaintiff suffered any serious injury as that term is defined in Insurance Law § 5102 (d). Supreme Court denied plaintiffs' motion and partially granted defendant's cross motion, but concluded that summary judgment was not warranted as to a number of plaintiffs' claims of serious injury. Defendant appeals.

Under New York's no-fault system of automobile insurance, a person injured in a motor vehicle accident may only recover damages through a court action if he or she sustained a serious injury (see Insurance Law § 5104 [a]). As relevant here, Insurance Law § 5102 (d) defines "[s]erious injury" as a bodily injury resulting in: "significant disfigurement; . . . permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment." When moving for summary judgment on the ground that the collision did not cause a

serious injury, a defendant must submit adequate medical evidence supporting that contention; if the defendant makes a prima facie showing of the absence of a serious injury, the plaintiff then has the burden to come forward with objective medical evidence sufficient to create a question of fact regarding the existence of a serious injury caused by the accident (*see Howard v Espinosa*, 70 AD3d 1091, 1091-1092 [2010]). The evidence must be viewed in a light most favorable to plaintiffs, as the nonmoving parties (*see Mahar v Bartnick*, 91 AD3d 1163, 1165 [2012]).

Defendant met his initial burden as to Helene Cross' cervical spine and left shoulder injuries in the significant limitation of use and permanent consequential limitation of use categories. Defendant submitted the affidavit and report of Richard Saunders, a physician who conducted an independent medical examination of each plaintiff, who concluded that Helene Cross' injuries were mild and related to a 2002 snowmobiling accident and 2003 spinal fusion surgery, as well as a one-vehicle accident that occurred in January 2010, about two weeks after the subject accident. In response, plaintiffs submitted the affidavit and records of Nathan Endres, a treating orthopedic surgeon, who provided a thorough and qualitative assessment of the current condition of Helene Cross' neck and shoulder, and how these parts of her body are limited from otherwise normal use (*see Vargas v Tomorrow Travel & Tour, Inc.*, 74 AD3d 1626, 1627-1628 [2010]). Endres sufficiently distinguished the current symptoms from those attributable to the 2002 accident and related surgery by noting that she had returned to her normal daily activities without pain in the neck and shoulder for several years following the earlier accident, but she currently suffers from pain in those areas that prevents her from performing many typical daily functions.

As for distinguishing the January 2010 accident, Endres opined that the force of that accident would have propelled Helene Cross in a different direction such that she would have been less likely to receive the type of injuries that would be sustained in a forceful rear-impact collision such as the December 2009 accident. Endres also noted that she complained of neck and shoulder pain during her visits to a chiropractor between the two accidents. The chiropractic records from those two visits, however, do not contain any quantitative or qualitative testing results; they only include information about Helene Cross' subjective complaints of pain (*see McCreesh v Hoehn*, 307 AD2d 638, 638-639 [2003]). It also appears that Endres did not have all of the accurate or neces-

sary information about the two accidents to determine the true mechanisms of injury, such that he could validly conclude that the injuries from the December 2009 accident caused the limitations regardless of any injuries that might have been caused by the January 2010 accident. He described the January 2010 accident as lateral in nature due to her vehicle striking a guardrail. According to other records, however, Helene Cross had described the accident as more severe, in that her car was up on two wheels, almost flipped over, dragged along the guardrail to the extent that portions of the undercarriage were ripped away, and resulted in the vehicle being totaled. Considering the other record evidence, and that Endres relied on incomplete or inaccurate information, he did not have a sufficient basis for reaching his conclusion that Helene Cross' injuries were causally related to the December 2009 accident rather than the January 2010 accident (*see Shelley v McCutcheon*, 121 AD3d 1243, 1244-1245 [2014]). Thus, defendant was entitled to summary judgment granting that portion of his cross motion seeking dismissal of the significant limitation of use and permanent consequential limitation of use categories for Helene Cross.

Supreme Court properly found a question of fact regarding the significant disfigurement category as to Helene Cross' surgical scars on her left shoulder. A scar falls within this category if a reasonable person would deem it unattractive or objectionable or feel that it could subject the injured person to pity or scorn (*see Doty v McInerny*, 77 AD3d 1264, 1265 [2010], *lv denied* 16 NY3d 703 [2011]). Saunders opined that the one-half-inch and three-inch scars were not readily visible and did not constitute a significant disfigurement. Endres disagreed. Helene Cross averred that the location of the scars was uncomfortable because straps from dresses, swimsuits and bras rubbed in that area. If she were to wear clothing that exposed her shoulders, the scars would be visible, at least to some extent. She also noted, as supported by photographs, that the scars were different in color from the surrounding skin and that one scar is slightly puckered. While the photographs in the record are not of great quality, the evidence was sufficient to raise a question of fact on the significant disfigurement category (*see Lewis v General Elec. Co.*, 145 AD2d 728, 729 [1988]; *Savage v Delacruz*, 100 AD2d 707, 707-708 [1984]; *compare Mahar v Bartnick*, 91 AD3d at 1166).

As to the 90/180-day category, Supreme Court correctly determined that defendant failed to meet his initial burden as to either plaintiff. Defendant relied on the lack of outright

restrictions imposed by medical professionals in the medical records, but ignored deposition testimony by plaintiffs that they could not perform many daily tasks or were restricted in their abilities, as well as evidence that they were told by medical professionals to limit certain tasks or engage in tasks only as they were able to do so. With defendant having failed to meet his burden, the court properly denied that aspect of the cross motion without even having to consider plaintiffs' proof in opposition (*see Shelley v McCutcheon*, 121 AD3d at 1245-1246).

Regarding the significant limitation of use and permanent consequential limitation of use categories for John Cross, Supreme Court properly determined that defendant met his initial burden. Saunders opined that any sprain to John Cross' thoracic spine had since resolved and that his shoulder limitations were mild and due to a preexisting arthritic condition. In response, Endres thoroughly assessed John Cross' shoulder injuries through the use of diagnostic testing and examination, found those injuries to be causally related to the December 2009 accident and noted that, even if the limitations were related to degenerative changes in his shoulders, John Cross had not previously experienced any problems associated with such arthritic condition, and the accident was therefore responsible for exacerbating a previously asymptomatic condition. This raised questions of fact regarding John Cross' shoulder injuries in the significant limitation of use and permanent consequential limitation of use categories. Although Endres did not provide separate quantitative or qualitative evidence regarding John Cross' thoracic spine symptoms, he discussed the upper back pain in connection with the shoulder injuries. Despite the scant separate evidence concerning the thoracic spine injury, we find the record and Endres' opinion sufficient to raise a question of fact as to whether injuries to John Cross' shoulders and upper back were connected such that he might have suffered a significant limitation of use or permanent consequential limitation of use to all of those areas.

Egan Jr., Devine and Clark, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion for summary judgment dismissing that part of the complaint alleging that plaintiff Helene M. Cross suffered a serious injury in the significant limitation of use and permanent consequential limitation of use categories; cross motion granted to that extent, partial summary judgment awarded to defendant and said claims dismissed; and, as so modified, affirmed.