Lynch, J.
Appeal from an order of the Supreme Court (Krogmann, J.), entered January 5, 2016 in Warren County, which granted defendant’s motion for summary judgment dismissing the complaint.
On August 12, 2006, while driving southbound on State Route 9 in the Town of Bolton, Warren County, plaintiff stopped *1327 as pedestrians began to cross the highway and defendant, who was following behind her, hit the rear end of her vehicle. Plaintiff alleged that, at impact, she felt her head hit the back of the seat’s headrest, but she did not believe that it was necessary to seek immediate medical attention. In July 2009, plaintiff commenced this action alleging that, as a result of the accident, she suffered a serious injury as defined in Insurance Law § 5102. In her bill of particulars, she claimed that she suffered from, among other things, traumatic brain injury, concussion, postconcussive syndrome, headaches, difficulty sleeping and depression. After discovery, defendant moved for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury, that plaintiffs injuries were not caused by the accident and that defendant was not liable for the accident pursuant to the emergency doctrine. Plaintiff opposed the motion only insofar as it related to the 90/180-day category of serious injury under Insurance Law § 5102 (d). Supreme Court granted the motion, and plaintiff now appeals.
“Under New York’s no-fault system of automobile insurance, a person injured in a motor vehicle accident may only recover damages . . . if he or she sustained a serious injury” (Cross v Labombard, 127 AD3d 1355, 1355 [2015] [citation omitted]). Relevant here, a serious injury may exist where the evidence demonstrates that the injured party suffered “a medically determined injury or impairment of a non-permanent nature which prevent [ed] [him or her] from performing substantially all of the material acts which constitut[ed] [his or her] usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment” (Insurance Law § 5102 [d]; see Cross v Labombard, 127 AD3d at 1355). A claim under this category must be supported by “objective medical evidence of an injury or impairment of a nonpermanent nature which would have caused the alleged limitations on [the] plaintiff’s daily activities” (Talcott v Zurenda, 48 AD3d 989, 990 [2008]). Further, there must be proof that the injured party was “curtailed from performing [his or her] usual activities to a great extent rather than some slight curtailment” (Gaddy v Eyler, 79 NY2d 955, 958 [1992] [internal quotation marks and citation omitted]; see Creech v Walker, 11 AD3d 856, 856 [2004]).
The crux of plaintiff’s claim is that she sustained a head injury during the accident and that the symptoms that she suffered as a result caused her to temporarily leave her graduate program in the fall of 2006. As the proponent of the motion for *1328 summary judgment, defendant was required to demonstrate through the submission of competent medical evidence that the accident did not cause plaintiff to suffer a serious injury as the term is defined in the Insurance Law (see Flanders v National Grange Mut. Ins. Co., 124 AD3d 1035, 1035 [2015]). To this end, defendant submitted plaintiff’s deposition testimony, her medical records and an affidavit from a neuropsychologist, Robert McCaffrey, who reviewed the records and conducted an independent neuropsychological examination of plaintiff. Plaintiff testified that, immediately after the accident, she felt “completely okay” and spent two days camping before renting a car to drive three or four hours home. One week later, she sought medical treatment for knee pain, jaw pain and a toothache. Plaintiff testified that she began having headaches approximately one month after the accident. She explained that she had to leave her graduate program in the fall of 2006 because she had headaches, difficulty focusing and was not able to “stand very well.” Nonetheless, plaintiff then traveled alone to California, Mexico and Korea before returning to the United States in February 2007. While traveling, plaintiff did not seek any medical treatment.
In his affidavit, McCaffrey averred that he reviewed all of plaintiffs medical records, including those generated by Suzan Smith and Benjamin F. Levy, the physicians who treated plaintiff before and after the accident, Elaine Woo, a physician specializing in traumatic brain injury who examined plaintiff in October 2006, and Bradley Crenshaw, a clinical neuropsy-chologist who evaluated plaintiff in November 2007. Based on his review of plaintiff’s medical records, McCaffrey concluded that there was no objective medical evidence to explain plaintiff’s subjective complaints and purported limitations during the 180-day period following the accident. According to Mc-Caffrey, the records indicated that, prior to the accident, plaintiff was seeking treatment for certain preexisting conditions, including depression and headaches, difficulty sleeping, daytime tiredness and hypothyroidism. McCaffrey opined that plaintiff’s subjective complaints were “a reflection of her longstanding personality characteristics that predate [d] the . . . accident.” In our view, defendant’s submissions were sufficient to shift the burden to plaintiff to present “competent medical evidence based upon objective medical findings and tests to support [her] claim of serious injury and to connect the condition to the accident” (Clark v Basco, 83 AD3d 1136, 1138 [2011] [internal quotation marks and citation omitted]; see Vargas v Tomorrow Travel & Tour, Inc., 74 AD3d 1626, 1627 [2010]).
*1329 In opposition, plaintiff submitted purported affidavits from her treating physicians, Smith, Levy and Woo. Each of the physicians averred that they were licensed in Massachusetts, but none claimed to be licensed in New York. The affidavits by Levy and Woo were unsworn and thus without probative value (see CPLR 2106; Tomeo v Beccia, 127 AD3d 1071, 1073-1074 [2015]; Worthy v Good Samaritan Hosp. Med. Ctr., 50 AD3d 1023, 1024 [2008]). With regard to Smith, her out-of-state affidavit was notarized but not accompanied by a certificate of conformity as required by CPLR 2309 (c). However, because defendant does not allege that a substantial right would be prejudiced by considering it, we reject his argument that the affidavit must be disregarded (see Seiden v Sonstein, 127 AD3d 1158, 1161-1162 [2015]; Midfirst Bank v Agho, 121 AD3d 343, 349-351 [2014]). Our review of Smith’s affidavit reveals that her opinion was based on plaintiff’s subjective description of her limitations and not supported by quantitative testing performed during the relevant time period. Moreover, because Smith failed to counter or even address defendant’s proof that plaintiff’s symptoms were caused by a preexisting condition, her opinion that plaintiff’s symptoms and consequent limitations were caused by the accident is speculative (see Pommells v Perez, 4 NY3d 566, 579 [2005]; Clark v Basco, 83 AD3d at 1139).* As such, we agree with Supreme Court that plaintiff failed to establish the existence of a triable question of fact with regard to the 90/180-day category of serious injury (see Bowen v Saratoga Springs City School Dist., 88 AD3d 1144, 1146 [2011]; Vargas v Tomorrow Travel & Tour, Inc., 74 AD3d at 1627-1628).
Peters, P.J., Devine and Aarons, JJ., concur.
Ordered that the order is affirmed, with costs.

 Similarly, neither Levy nor Woo addressed the evidence of plaintiff’s preexisting conditions.