Roulhac v Hermance (2020 NY Slip Op 01226)





Roulhac v Hermance


2020 NY Slip Op 01226


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

528016

[*1]Donnell Roulhac et al., Respondents,
v
Stephen H. Hermance, Defendant, and Joshua Styczynski et al., Appellants.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Law Offices of Theresa J. Puleo, Albany (Norah M. Murphy of counsel), for appellants.
The Scagnelli Law Firm, PC, Albany (Peter J. Scagnelli of counsel), for respondents.



Clark, J.
Appeal from an order of the Supreme Court (Weinstein, J.), entered October 11, 2018 in Albany County, which, among other things, partially denied a motion by defendants Joshua Styczynski and Thompson & Johnson Equipment Co., Inc. for summary judgment dismissing the complaint against them.
On June 24, 2014, plaintiff Donnell Roulhac was driving through an intersection when defendant Stephen H. Hermance allegedly made an improper left turn and "T-boned" Roulhac's vehicle. Less than a month later, on July 17, 2014, Roulhac was stopped at a red light when his vehicle was rear-ended by a vehicle driven by defendant Joshua Styczynski and owned by defendant Thompson & Johnson Equipment Co., Inc. (hereinafter collectively referred to as the TJE defendants). Thereafter, in January 2016, Roulhac and his spouse, derivatively, commenced this action seeking to recover for injuries that Roulhac allegedly sustained as a result of the June 2014 and July 2014 motor vehicle accidents. The TJE defendants and Hermance separately joined issue.[FN1] In response to defendants' demands, plaintiffs served verified bills of particulars in which they claimed that Roulhac had sustained a serious injury under the permanent consequential limitation of use of a body organ or member, the significant limitation of use of a body function or system and the 90/180-day categories (see Insurance Law § 5102 [d]).
Following the completion of discovery, the TJE defendants and Hermance separately moved for summary judgment dismissing the complaint against them on the ground that Roulhac did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs cross-moved for summary judgment, seeking a finding of liability against defendants and an order determining that Roulhac had sustained a serious injury under Insurance Law § 5102 (d). Supreme Court granted Hermance's motion for summary judgment dismissing the complaint against him and granted plaintiffs' cross motion to the extent of finding that the TJE defendants were liable for the July 2014 accident, but otherwise denied plaintiffs' cross motion. As for the TJE defendants, Supreme Court granted their motion to the extent of dismissing plaintiffs' serious injury claims based upon the permanent consequential limitation of use and significant limitation of use categories, but denied the motion as to the 90/180-day category. The TJE defendants appeal, solely challenging Supreme Court's determination that they were not entitled to summary judgment dismissing plaintiffs' claim of serious injury under the 90/180-day category.
"Under New York's no-fault system of automobile insurance, a person injured in a motor vehicle accident may only recover damages through a court action if he or she sustained a serious injury" (Cross v Labombard, 127 AD3d 1355, 1355 [2015] [citation omitted]; see Insurance Law § 5104 [a]; Fillette v Lundberg, 150 AD3d 1574, 1576 [2017]). As relevant here, Insurance Law § 5102 (d) defines "[s]erious injury" as "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment." "When moving for summary judgment on the ground that the collision did not cause a serious injury, a defendant must submit adequate medical evidence supporting that contention; if the defendant makes a prima facie showing of the absence of a serious injury, the plaintiff then has the burden to come forward with objective medical evidence sufficient to create a question of fact regarding the existence of a serious injury caused by the accident" (Cross v Labombard, 127 AD3d at 1355-1356 [citation omitted]; see Jones v Marshall, 147 AD3d 1279, 1281 [2017]; Womack v Wilhelm, 96 AD3d 1308, 1309 [2012]).
In support of their motion for summary judgment, the TJE defendants produced evidence — including Roulhac's medical records and deposition testimony — demonstrating that Roulhac had a documented history of back and neck pain and preexisting back conditions stemming from the June 2014 accident, as well as prior work-related injuries, including one that occurred in March 2014. The TJE defendants argued that such evidence, together with an affirmation from an orthopedic surgeon who examined Roulhac in June 2017, established that Roulhac's conditions predated and were not caused by the July 2014 accident. However, the TJE defendants' remaining submissions raised questions of fact in this regard.
During his deposition testimony, Roulhac differentiated between the symptoms and limitations he experienced before and after the July 2014 accident and stated that he was planning to return to work on July 21, 2014, but that the July 2014 accident derailed that plan. In addition, a chiropractor who examined Roulhac in January 2015 opined that there was a causal relationship between Roulhac's complaints and the July 2014 accident. Similarly, an orthopedic surgeon who examined Roulhac in August 2015 apportioned 25% of Roulhac's lumbar spine symptoms to the July 2014 accident. Thus, contrary to their contention, the TJE defendants' submissions did not establish the absence of any injury resulting from the July 2014 accident (compare Sul-Lowe v Hunter, 148 AD3d 1326, 1328 [2017]). Furthermore, with respect to the 90/180-day category, the TJE defendants' submissions did not address Roulhac's ability to perform his usual and customary daily activities during the 180 days following the July 2014 accident (see Cross v Labombard, 127 AD3d at 1357-1358; Shelley v McCutcheon, 121 AD3d 1243, 1245-1246 [2014]; Poole v State of New York, 121 AD3d 1224, 1225 [2014]). Accordingly, we agree with Supreme Court that the TJE defendants failed to sustain their initial burden under the 90/180-day category and, therefore, were not entitled to summary judgment dismissing plaintiffs' serious injury claim under that category (see Fillette v Lundberg, 150 AD3d at 1579; compare Sul-Lowe v Hunter, 148 AD3d at 1328).
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The TJE defendants and Hermance asserted cross claims against each other for indemnification and/or contribution.